



Andrew S. Feldman
Feldman Firm, PLLC
Southeast Financial Center
200 S. Biscayne Blvd, Suite 2770
Miami, Florida 33131
Phone: 305.714.9474
Mobile: 202.320.7705
Email: afeldman@feldmanpllc.com
Website: www.feldmanpllc.com
Florida Bar No. 60325
NY Bar Reg No: 4864799

May 9, 2020

**VIA EMAIL**

## U.S. v. Seth Fishman, DVM, 20-cr-160-MKV (SDNY)

*RE: LR 16.1 Conference and Request for Bill of Particulars for Seth Fishman, DVM*

We write to you to comply with Local Rule 16.1 (Conference of Counsel) and to request the following information and hope to avoid filing a Motion for a bill of particulars and/or, if necessary, filing a narrowed version of any such Motion.

In the Indictment, the Government alleges in Counts 1-2 broad wide-ranging conspiracies to violate the misbranding statues with the intent to defraud or mislead in violation of 18 U.S.C. Section 371. Felony misbranding requires a showing that the defendant acted "with intent to defraud or mislead." *See* 21 U.S.C. § 333(a)(2). Thus, felony liability for misbranding requires an additional *mens rea* element that is absent from the broader-reaching misdemeanor provision. *See United States v. Mitcheltree,* 940 F.2d 1329, 1347 (10th Cir.1991) (felony liability under § 333(a)(2) requires proof that defendant "consciously sought to mislead" authorities).

Count One also alleges a conspiracy amongst Fishman and 8 other named defendants and other unnamed persons or unindicted co-conspirators. Count Two alleges a separate conspiracy involving Fishman Giannelli, Dane, and Jordan Fishman and other unnamed persons or unindicted co-conspirators. Furthermore, Count 2 references alleged conduct involving Giannelli and/or Fishman dating back as far as August of 2013.

Accordingly, to properly respond to these allegations, we believe a bill of particulars setting forth specific information related to Counts 1-2 is warranted. In fact, much of the information and facts needed to defend Mr. Fishman against these two wide-ranging conspiracies is absent from the Indictment and such information

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 2

is also material to the defense and material to the defense preparation against the charges alleged in Counts 1-2. *See* Fed. R. Crim. P. 16.

Complicating this further, as you know, the discovery in this 19-defendant case is incredibly voluminous. There are hundreds, if not Thousands of pages of intercepted communications. There are numerous devices, including the 3 I-Phones, Mr. Fishman's desktop, and TB drives that you seized, which Mr. Fishman does not have which prevent him (and counsel) from properly preparing for trial.

Plus, neither Mr. Fishman nor any of the other co-defendants have copies of any of the intercepted recordings which the government would seek to introduce at any trial.

Finally, given the multi-defendant nature of the 2 conspiracies in this case, there is also the potential for prejudicial spill-over in a multi-defendant case like this one and therefore proper notice of the below information is appropriate.

For these reasons, we request that you provide any of the following information by written letter by no later than **May 15, 2020**. If you do not intend to provide any of the following and that is your position, please advise as soon as possible. We intend to file a Motion **no later than May 15, 2020** if we have not received a written response which addresses these issues.

Sincerely,

FELDMAN FIRM, PLLC

Andrew S. Feldman

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 3

# SETH FISHMAN'S REQUEST FOR BILL OF PARTICULARS RELATED TO COUNTS ONE AND TWO

## Count One Conspiracy

I. *Identities of "Performance Enhancing Drugs" (PEDs) and Dates When Fishman Allegedly Distributed or Manufactured any of the PEDs Named in Count One*

The Indictment alleges that the conspiracy in Count 1 involved the distribution and administration of PEDs. As it pertains to Fishman, the Indictment alleges at page 11-12 at ¶17 that Fishman manufactured and distributed **BB3, customized analgesics, VO2 Max, Frozen Pain Shot, and ITP Plus and/or ITTP.**

The Indictment also alleges that **V02 Max** was seized from **Oakes'** barn on or about March 14, 2019 as part of a search and it is alleged that Fishman was the source of the VO2 Max. *See* Indictment at page 13 (with picture). The Indictment, however, provides no facts about the manufacturing or distribution of any of the other above "PEDs" that Fishman supposedly manufactured or distributed or which he agreed to distribute or manufacture (who, what, when, where).

Therefore, we request the following information:

- The date(s) ITP Plus/ITTP was supposedly distributed by Fishman to any other person as alleged in Count One?
- The date(s) Frozen Pain Shot was supposedly distributed by Fishman to any other person as alleged in Count One
- The date(s) a customized analgesic was supposedly distributed by Fishman to any other person as alleged in Count One
- The date(s) BB3 was supposedly distributed by Fishman to any other person as alleged in Count One
- The date(s) Fishman allegedly agreed with any other person listed in Count One to manufacture or distribute any of the above alleged PEDs (**please identify person and name of drug**) as alleged in Count One.

3

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 4

- The dates Fishman allegedly agreed with any other person listed in Count One to manufacture or distribute **VO2 Max, BB3, customized analgesics, Frozen Pain Shot, and ITP Plus and/or ITTP.** (**please identify person and name of drug**) with the intent to mislead or defraud federal regulators, state regulators, or racing officials as alleged in Count One.

- The names of any other PEDs, not identified in Count 1, that you allege Fishman manufactured, sold, *or* distributed or agreed to manufacture, sell, or distribute with any other person as part of the alleged conduct in Count 1

## II. *Identities of State and Federal Regulators and Racing Officials and Applicable Laws*

In the Indictment and in Count 1, the Government has alleged that the misbranding conspiracy was designed to defraud or mislead *state and federal regulators* and *racing officials*. Indictment at pages 2, 3, 5, and 11.

**Please identify**

The state regulators, federal regulators, and/or race officials referenced on pages 2, 3, 5, and 11 of the Indictment.

**Please identify**

### A. *State Regulators and State Laws*

- The "*state regulators*" Mr. Fishman and/or his alleged co-conspirators intended to defraud or mislead as alleged in Count 1

- The *state* laws, if any, Fishman and/or his alleged co-conspirators intended to violate in order to defraud or mislead these "state regulators" as alleged in Count 1. **Please identify any state law by citation.**

4

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 5

- The dates when such state laws, if any, were allegedly violated by Fishman and any other person named in Count 1 as alleged in Count One.

### B. Federal Regulators

The identities of the "federal regulators" Mr. Fishman and/or his alleged co-conspirators intended to defraud or mislead as alleged in Count 1

### C. Racing Officials

- The "racing officials" (by name) Mr. Fishman and/or his alleged co-conspirators intended to defraud or mislead as alleged in Count 1

- The *state* laws, if any, Fishman and/or his alleged co-conspirators intended to violate in order to defraud or mislead these racing officials as alleged in Count One. **Please identify any state law by citation**

- Any other state laws or administrative rules which you believe Mr. Fishman and/or his alleged co-conspirators violated as alleged in Count 1. **Please identify any state law by citation**

- The dates when such laws were allegedly violated by Fishman and any other person in Count 1 as alleged in Count One.

### III.   State Regulations and "Testing Regimes"

The Indictment specifically states that the horse racing industry is subject to an array of "state regulations aimed at protecting participating horses and ensuring fair competition" and that "[t]hese regulations include proscription of the use of performance enhancing drugs and testing regimes designed to ensure racehorses are not under the influence." *See* Indictment at page 2.

5

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 6

**Please identify the following**

- Each state regulation "aimed at protecting participating horses and ensuring fair competition" that was violated as set forth in Count 1. **Please identify any state law by citation**

- Each state regulation "aimed at protecting participating horses and ensuring fair competition" that was violated as set forth in Count 2. **Please identify any state law by citation**

- Any law or rule promulgated or established by "testing regimes designed to ensure racehorses are not under the influence" that was allegedly violated as set forth in Count 1. **Please identify any state law by citation**

- Any law or rule promulgated or established by "testing regimes designed to ensure racehorses are not under the influence" that was allegedly violated as set forth in Count 2. **Please identify any state law by citation**

### IV.   *Mislead/Defraud as alleged in Count 1*

Please identify the PED(s) Fishman sold, distributed, manufactured or agreed to sell, distribute or manufacture with any other person *prior to* any horse race with the intent to defraud or mislead any federal regulator, any state regulator, or any race commission official as alleged in Count 1.

Please also identify the **specific horse race** for which Fishman sold, distributed, manufactured PEDS or agreed to sell, distribute or manufacture PEDs with any other person *with the intent to defraud or mislead any* federal regulator, any state regulator, or any race commission official as alleged in Count

6

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 7

**Please also provide the following:**

- The identify of federal regulator, state regulator, and/or any race commission official that Fishman intended to mislead or defraud or agreed to mislead or defraud in connection with any horse race as alleged in Count 1

- The contents of any "misleading label" used by Fishman, or used by others at his direction, with the intent to defraud or mislead any federal regulator, any state regulator, or any race commission official as alleged in Count 1

- The specific tests (what race, what date, what state) that Fishman allegedly intended to evade by allegedly manufacturing drugs that were untestable as alleged in Count 1

- The identity of any horse for which Fishman's supposed PEDs were administered with intent to defraud or mislead any federal regulator, any state regulator, or any race commission official as alleged in in Count 1

- The identify of any horse for which Fishman agreed to distribute or manufacture supposed PEDs with the intent to defraud or mislead any federal regulator, any state regulator, or any race commission official as alleged in in Count 1

- The dates, if any, when Fishman agreed with any other person included in Count 1 to engage in any conduct designed to mislead or defraud the betting public or bettors as alleged in Count One.

### V.  *Navarro & Oakes*

Count One of the Indictment alleges that Fishman sold PEDs to Oakes who, in turn, sold them to Navarro and to *other trainers*. Indictment at 12 at ¶15. The Indictment alleges that Mr. Fishman and others agreed to distribute or sell PEDs to Navarro and alleges that Fishman received "tens of thousands of dollars from

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 8

Navarro." The Indictment also alleges that V02 Max was seized from Oakes' barn on or about March 14, 2019 as part of a search. *See* Indictment at page 13 (with picture.

**Please identify the following:**

- The names of the PED's Mr. Fishman allegedly sold, directly or indirectly, to Navarro as set forth in Count 1
- On what date(s) Mr. Fishman allegedly sold the PEDs to Navarro as alleged in Count 1
- The "other trainers" as alleged in Indictment at 12 at ¶15. [1]
- The supposed PEDs that Fishman sold to Oakes which were resold to Navarro as alleged in Indictment at 12 at ¶15.
- The supposed PEDs that Fishman sold to Oakes which Oakes then resold to "other trainers" as alleged in Count One and the identities of those "other trainers."

---

[1] Several district courts in complex multi-defendant cases have granted bills of particulars obligating government to produce this information regarding unnamed co-conspirators when there is no risk of violence. *See, e.g., United States v. Feldman,* 731 F.Supp. 1189, 1191 (S.D.N.Y.1990) (multi-year tax evasion conspiracy); *United States v. Chovanec,* 467 F.Supp. 41, 43 (S.D.N.Y.1979)(identifying at least 27 counts in racketeering indictment); *United States v. Kole,* 442 F.Supp. 852, 854 (S.D.N.Y.1977) (five-year conspiracy involving multiple bribes); *United States v. Pilnick,* 267 F.Supp. 791, 794 (S.D.N.Y.1967) (57–count indictment).

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 8

Navarro." The Indictment also alleges that V02 Max was seized from Oakes' barn on or about March 14, 2019 as part of a search. *See* Indictment at page 13 (with picture.

**Please identify the following:**

- The names of the PED's Mr. Fishman allegedly sold, directly or indirectly, to Navarro as set forth in Count 1
- On what date(s) Mr. Fishman allegedly sold the PEDs to Navarro as alleged in Count 1
- The "other trainers" as alleged in Indictment at 12 at ¶15. [1]
- The supposed PEDs that Fishman sold to Oakes which were resold to Navarro as alleged in Indictment at 12 at ¶15.
- The supposed PEDs that Fishman sold to Oakes which Oakes then resold to "other trainers" as alleged in Count One and the identities of those "other trainers."

---

[1] Several district courts in complex multi-defendant cases have granted bills of particulars obligating government to produce this information regarding unnamed co-conspirators when there is no risk of violence. *See, e.g., United States v. Feldman,* 731 F.Supp. 1189, 1191 (S.D.N.Y.1990) (multi-year tax evasion conspiracy); *United States v. Chovanec,* 467 F.Supp. 41, 43 (S.D.N.Y.1979)(identifying at least 27 counts in racketeering indictment); *United States v. Kole,* 442 F.Supp. 852, 854 (S.D.N.Y.1977) (five-year conspiracy involving multiple bribes); *United States v. Pilnick,* 267 F.Supp. 791, 794 (S.D.N.Y.1967) (57–count indictment).

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 9

### VI.   *Identifiable Horse Races*

In the Indictment, the Government alleges that Navarro entered XY Jet in two races, the Allowance Optional Claiming Race at Gulf Stream in Florida on February 13, 2019 and the Dubai Golden Shaheen Race in Dubai on March 30, 2019. Indictment at pages 14-15.

The Indictment also includes the following allegations

> 19.   Following XY Jet's victory in Dubai, SETH FISHMAN, the defendant, congratulated NAVARRO on the win via text message, and NAVARRO replied, in part and among other things, "Thank u boss u are a big part of it."

*See* Indictment at 16, at ¶19.

> g.   On or about April 5, 2019, NAVARRO sent text messages to SETH FISHMAN, while SETH FISHMAN was located in the Southern District of New York, requesting "1000 pills asap."
>
> h.   On or about April 5, 2019, SETH FISHMAN, while located in the Southern District of New York, placed a phone call to initiate the processing of orders for misbranded and adulterated PEDs to be sent to OAKES in Pennsylvania and NAVARRO in Florida.

**Please identify the following:**

**Dubai Golden:** The PEDs if any, Fishman sold, distributed, manufactured or agreed to sell, distribute or manufacture with any other person in connection with the with Dubai Golden.

9

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 10

**Allowance Optional Claiming Race**: the PEDs, if any, Fishman sold, distributed, manufactured or agreed to sell, distribute or manufacture with any other person in connection with the Allowance Optional Claiming Race.

## Count 2 Conspiracy

### I.   Indictment, ¶28 at page 23.

The Indictment alleges that "Fishman's products were created and labeled to evade detection by state racing regulators with *label that contained misleading statements* designed to lower the likelihood of scrutiny by regulators." Indictment, ¶28 at page 23.

**Please identify the following:**

- The alleged "State racing regulators"
- The labels that allegedly contained the misleading statements
- The alleged misleading statements

The Indictment also alleged that Fishman also "promoted his blood building PEDs as undetectable drug tests administered by state regulators and racing officials." Indictment, ¶27 at page 22.

### II.   Indictment, ¶27 at page 22.

**Count 2** alleges that Mr. Fishman distributes and manufactures misbranded animal drugs with Giannelli, Jordan, and Dane, with the intent to defraud or mislead. The Indictment further alleges that Fishman's activities have **spanned 2013-present** and included the distribution of adulterated and misbranded drugs to "race horse-trainers." Indictment at ¶27 at page 22

**Please identify the following:**

- **Names of "racehorse trainers"** referenced herein
- The names of the blood building PEDs

10

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 11

- To whom the blood buildings PEDs were allegedly "promoted"
- The identities of the "state regulators"
- The identities of the "racing officials"

### III.     Indictment, ¶29 at page 23.

The Indictment alleges that Giannelli and Dane worked with Fishman to distribute misbranded and adulterated PEDs developed by Fishman to racehorse trainers and others seeking to dope their racehorses, including providing Fishman's PEDs to racehorse trainers in New York. *See* Indictment, ¶29 at page 23.

**Please identify the following**:

- The names of the PEDs allegedly distributed by Giannelli and Dane, at Fishman's direction, as alleged in Count 2.

- The "racehorse trainers in New York" referenced in Indictment, ¶29 at page 23.

### IV.     Overt Acts Count 2- Indictment, ¶34 at page 23.

Count 2 of The Indictment also alleges specific overt acts relating to supposed PEDs.

**Please identify the following:**

- The PED provided to Dane for Glass Prince as alleged in Indictment, ¶34 at page 25 as alleged in Count 2
- The PEDs, if any, processed by Giannelli on February 21, 2019 to be shipped to an address in NY as alleged in Indictment, ¶34(b) at page 25
- The "racehorse trainer" referenced in Indictment, ¶34(c) at page 26
- "Individual 1" referenced in Indictment, ¶34(e) at page 26 in connection with an April 5, 2019 phone conversation

Mr. Andrew Adams, Esq.
Ms. Sarah Mortazavi, Esq.

Page 12

- The name of the misbranded or adulterated drug about which Dane communicated with Giannelli as alleged in Indictment, ¶34(f) at page 26
- The names of any misbranded and/or adulterated animal drugs that the Government alleges were manufactured or distributed by Fishman as part of the conspiracy to mislead or defraud as alleged in Count 2.
- The identity of the person to whom Dane allegedly distributed the misbranded/adulterated animal drug as part of the conspiracy to mislead or defraud as alleged in Count 2.
- The identities of the persons or agencies or government officials that Lisa, Seth, Jordan, and Dane allegedly intended to defraud or mislead as alleged in Count 2