USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    -against-

SETH FISHMAN, et al.

                              Defendants.

1:20-cr-160 (MKV)

**OPINION AND ORDER
DENYING MOTION
CONCERNING SPEEDY
TRIAL RIGHTS**

MARY KAY VYSKOCIL, United States District Judge:

　　Defendant Seth Fishman has filed a Motion "concerning his right to a speedy trial."  *See*

Motion Concerning Dr. Seth Fishman's Right to a Speedy Trial (the "Motion"), ECF #240, at 1.

While the Motion does not allege that a violation of Fishman's speedy trial rights has occurred (it

states that the right is "in jeopardy"), the Motion seeks to have the Court set a trial date for the

charges pending against Fishman in this recently filed, multi-defendant case alleging four

separate conspiracies.  *See* Motion at 2-3; Indictment, ECF #2.  As the charges against Fishman

have not been severed from the charges against any of the other eighteen Defendants, the Motion

functionally requests a trial date to be set for the entire case.

　　Of course, Fishman has a constitutional right to a speedy trial.  *See* Motion at 2.  He also

has related rights under the federal Speedy Trial Act.  *Id.*  Those rights, however, are balanced

against the interests of justice, the need to allow time for Fishman and all other Defendants in

this multi-defendant case to prepare a defense, and the operation of a fair, orderly, and efficient

criminal justice system.  This case, and Fishman's motion, come in the midst of the pandemic

resulting from "Coronavirus Disease 2019" ("COVID-19"), which has resulted in declarations of

national and state emergencies, restrictions on the operation of businesses and the Court, and

severe limitations on the ability of attorneys to meet with clients, receive and analyze discovery,

and prepare cases for trial as quickly as they might otherwise.  In light of this reality, the Chief

Judge of this District has suspended all jury trials until at least September 2020 in light of the impossibility of empaneling a jury venire and the coordinate risks to public health of all participants in the judicial system, which includes Defendants and their counsel, counsel for the Government, jurors, and court staff.  *See* Standing Order, 20-mc-00197.

Against that background, Fishman filed the present barebones Motion, "seek[ing] an exception" to the Standing Orders of the Chief Judge and "demand[ing] a speedy trial and that [the Court] set a trial date in accordance with the Speedy Trial Act."  *See* Motion at 2-3.  The Court will, of course, do the latter at an appropriate time.  But, while Fishman does not state his request outright, the Motion can be read to demand a trial date to occur before September 2020.  Because neither Fishman's constitutional rights nor his rights pursuant to the Speedy Trial Act demand such an outcome, the Motion is DENIED.

## **BACKGROUND**

This is a relatively newly-filed, nineteen-defendant case, which alleges four separate but overlapping conspiracies, two of which involve Fishman.  *See* Indictment, ECF #2.  Less than five months have elapsed since the Indictment in this case was unsealed on February 26, 2020, although Fishman first was arrested on a criminal Complaint in late October 2019, and thereafter he consented to a continuance of time to indict.  *See* ECF #1-2, 11.

Of particular relevance here, the Indictment was unsealed only days before explosion of the ongoing COVID-19 pandemic.  Indeed, approximately two weeks after the indictment was filed, the President declared a national emergency due to the pandemic.  *See* Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020) ("Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak").  Following that emergency declaration, the Governor of New York issued statewide stay-at-home order which closed most businesses in the

state and prohibited non-essential gatherings of people for any reason.  *See* 2019 N.Y. Exec.

Order 202-10.  Thereafter, and several times since, our Chief Judge of this District issued a

Standing Order restricting access to the courthouses of this District and excluding time pursuant

to the Speedy Trial Act in the interest of justice.  *See, e.g.*, Second Amended Standing Order, No.

20-mc-00196.  The Chief Judge has found specifically that the conditions of the pandemic

impede the conduct of criminal proceedings and the interests of justice furthered by excluding

time during the pandemic outweigh the interests of the public and defendants in a speedy trial.

*Id.* at 4.  Relatedly, the Chief Judge found that due to the limitations on gathering of individuals

for any purpose, the continued pandemic conditions, and the necessary lead time to assemble a

venire for jury service, all jury trials are suspended until September 2020, at the earliest.  *Id.* at 2.

　　　　During that conference, the Court addressed with the Government and Defendants a

Fishman was arrested pursuant to a criminal Complaint dated October 28, 2019 [ECF

#1].  Between his arrest and the unsealing of the indictment, Fishman consented to at least one

continuance of time.  *See* Order of Continuance, ECF #11.  After the indictment was unsealed,

the proceeding briefly was delayed by the Court due to the public health risks of the pandemic

(very specific to the participants in this case), but all defendants, including Fishman, were

arraigned on April 2, 2020.  An initial conference was held on the same day, immediately

following the arraignment.

　　　　During that conference, the Court addressed with the Government and Defendants a

schedule for this case, including the exchange of voluminous discovery.  Specifically, the

Government proposed, and no Defendant (including Fishman) objected to, a schedule by which

the Government would produce discovery on a rolling basis over approximately seven months.

*See* Transcript of Arraignment and Initial Conference, ECF #203, at 66:4-22.  Such a process is,

by Fishman's own current admissions, "understandable given the pandemic."  *See* Motion at 2.

In light of the voluminous discovery and the need for counsel to Defendants to prepare their

defense, I excluded time under the Speedy Trial Act until June 30, 2020, the date of the next

status conference in this case.  Transcript of Arraignment and Initial Conference, ECF #203, at

84:12-16. I found that the ends of justice served by excluding such time outweigh the interests of

the public and of the defendants in a speedy trial.  *Id.*  Specifically, I found that exclusion of time

was necessary to permit Defendants time to receive, review, and analyze discovery, for

Defendants to consider motions that may be appropriate in this case, and to allow time for the

Government and Defendants to engage in any discussions about resolving the charges against

one or more Defendants.  *Id.* at 84:17-85:2.  Furthermore, I found that the COVID-19 pandemic

had created obstacles to Defendants' ability to review and analyze the discovery materials as

quickly as they otherwise might.  *Id.* at 85:3-8.  Thus, in order to allow the Defendants time to

coordinate with counsel and each other to the extent permissible, I excluded time.  *Id.*  No

Defendant objected to the exclusion of time.  *Id.* at 82:17-84:11.

On the morning of the June 30 status conference, Fishman did an about-face and filed the

present Motion.  At that conference, the Parties discussed the progress of discovery to date.  All

Parties except for Fishman agreed that discovery alone would likely extend into November 2020

(consistent with the schedule proposed at the first conference) and that time was needed to

analyze that material and consider whether any motions would be made.  As a result, the

Government moved to exclude time under the Speedy Trial Act through the next status

conference on November 19, 2020.[1]  In ruling on the motion by the Government, I found that the

ends of justice served by excluding time outweighed the Defendants' and public's interest in a

speedy trial.  Specifically, the time was excluded to allow the Government to produce discovery,

---

[1] The transcript for the June 30, 2020 status conference is not yet available to the Court and thus cannot be cited herein.  The Minute Entry reflecting the June 30 conference, however, is available on the docket, dated June 30, 2020, and reflects the exclusion of time.

for Defendants to review and analyze it, and for Defendants to consider whether any motions are warranted.  Additionally, while New York City recently had begun to reopen from the lockdown imposed in response to the COVID-19 pandemic, I found that the ongoing pandemic measures continued to impact Defendants' ability to prepare a defense.  Fishman made an objection to the exclusion of time, arguing only that he had filed the speedy trial Motion immediately before the conference began.  I overruled the objection, and excluded time through November 19, 2020. *See* Minute Entry dated June 30, 2020.

The only remaining matter before the Court regarding timing is Fishman's Motion.  The anemic Motion, which is a mere two and a half pages long, accompanied only by a two page affidavit from the Defendant parroting the Motion's contents, appears to raise issues related to Defendant's rights under both the Speedy Trial Act, 18 U.S.C. § 3161, and the guarantee in the U.S. Constitution of a speedy trial in a criminal case.  *See* U.S. Const., amend. VI.  Specifically, the Motion seemingly asserts that, even in light of the ongoing pandemic and the extensive discovery yet to be completed in this case, failing to set a trial date in this case at this time *may* run afoul of Fishman's constitutional and statutory rights.  The Court disagrees. For the reasons discussed below, the Motion is denied.

## DISCUSSION

### A.    <u>Statutory Claim</u>

Fishman's invocation of the Speedy Trial Act as a basis for his motion is without merit. Simply put, because the Court overruled Fishman's objection to the exclusion of time at the June 30 status conference, the Motion is moot to the extent it seeks to relitigate the Speedy Trial Act issue.  *See* Motion at 1-2.  As such, the Motion is denied as moot.

The Speedy Trial Act provides that the trial of a defendant should commence within seventy days of the indictment or initial appearance by the defendant in the District in which he is charged, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *United States v. Lynch*, 726 F.3d 346, 352-53 (2d Cir 2013).  However, time may be excluded from that clock due to certain enumerated circumstances.  *See* 18 U.S.C. §  3161(h).  In this case, both the Chief Judge of this District and this Court have found under 18 U.S.C. § 3161(h)(7)(A) that suspension of time under the Speedy Trial Act is appropriate as the ends of justice served by excluding such time outweigh the interests of the public and the defendant in a speedy trial.  *See* Second Amended Standing Order, No. 20-mc-00196; Transcript of Arraignment and Initial Conference, ECF 203, at 84-85; Minute Entry dated June 30, 2020.

Specifically, the Chief Judge has found that the ongoing COVID-19 pandemic, the concurrent risks to public health, and the necessary modified operations of the Courts and other government offices make it virtually impossible to empanel a jury and conduct jury trials at this time.  Thus, she has suspended the clock under the Speedy Trial Act through September 2020. *See* Second Amended Standing Order, No. 20-mc-00196.  Fishman, however, seeks "an exception" to this Order through his Motion.  *See* Motion at 2.  Significantly, Fishman did not seek an exception to the Standing Order regarding exclusion of time when it first was filed in April 2020 or when the Amended Order was issued on June 12, 2020.  *See* Second Amended Standing Order, No. 20-mc-00196.  Instead, after agreeing to the schedule set in this case at the initial conference, he strategically filed his Motion on the morning of the recent Status Conference.

The Court will not now grant such an exception, having already found in the circumstances of this case that exclusion of time through November 19, 2020 serves the ends of justice and outweighs the Defendants' and public's interest in a speedy trial.  After Fishman

made his Motion, and after the Court consulted with both the Government and Defendants during the June 30 status conference, the Government moved to exclude time under the Speedy Trial Act through the next status conference on November 19, 2020.  All Defendants other than Fishman had no objection to that suspension of time.  Fishman, however, did object, advising the Court that he had earlier that morning filed the present Motion.  The Court overruled Fishman's new-found objection and ordered that time be excluded in order to allow the Government to produce discovery to the Coordinating Discovery Attorney in this matter, for her to organize and distribute the discovery in workable formats to all Defendants, and for Defendants to review and analyze the production, strategize with regard to potential motions, and prepare their defense. Moreover, the Court ruled that the schedule for discovery production, which remains the same as was set with consent of all parties at the initial conference in this case, was warranted to allow for time to overcome any difficulties or delays Defendants may face in preparing their case due to the ongoing COVID-19 pandemic.  Thus, the Court found that the ends of justice served by excluding such time for those purposes outweigh the interests of the public and of the defendants in a speedy trial.

By his Motion, Fishman now seeks an exception to the exclusion of time through September 2020 by reason of the Second Amended Standing Order, No. 20-mc-00196.  In light of the Court's order excluding time in this case through November and overruling Fishman's objection at the June 30 status conference, Fishman's motion under the Speedy Trial Act is moot, and as such, the Motion on those grounds is denied.

## B. <u>Constitutional Claim</u>

Fishman's invocation of his constitutional right to a speedy trial at this time is similarly unavailing.  Fishman claims that a "delay" of eight months since his arrest places his right to a speedy trial "in jeopardy."  *See* Motion at 2.  In addition, Fishman seems to suggest that any

additional time that will transpire between now and the ultimate trial date will further
"jeopardize" that right, or perhaps violate it.

"[T]he right to speedy trial is a more vague concept than other procedural rights.  It is, for
example, impossible to determine with precision when the right has been denied."  *Barker v.
Wingo*, 407 U.S. 514, 521 (1972).  Here, Fishman does not even contend in his Motion that his
right has been denied.  Nonetheless, in order to evaluate a defendant's claim relating to a
violation of the constitutional speedy trial right, courts must balance four factors articulated by
the Supreme Court: (i) length of delay; (ii) the reason for the delay; (iii) the defendant's assertion
of his right; (iv) and prejudice to the defendant.  *See Barker*, 407 U.S. at 530; *United States v.
Moreno*, 789 F.3d 72, 78 (2d Cir. 2015) (discussing the factors).  Among them, "the second
factor—reason for delay—is often critical."  *Moreno*, 789 F.3d at 79.

The Court must conduct its analysis weighing the *Barker* factors in light of the purposes
the speedy trial right serves.  *See United States v. Black*, 918 F.3d 243, 259 (2d Cir. 2019).  The
constitutional speedy trial right "primarily protects three interests of criminal defendants: '(i) to
prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused;
and (iii) to limit the possibility that the defense will be impaired.'"  *Id.* at 254 (quoting *Barker*,
407 U.S. at 532).  The right also "serves a societal interest in the fair and efficient operation of
the criminal justice system and in limiting the costs to the community of pretrial detention and its
deleterious effects."  *Id.*  In light of these purposes, the *Barker* factors balance clearly in favor of
the government here.  The "delay" in this case, to the extent there is any, is reasonable and
appropriate given the totality of the circumstances.

The first factor the Court must consider—length of delay—is a "triggering mechanism."
*Black*, 918 F.3d at 254 (citing *Barker*, 407 U.S. at 530).  If the delay in question is not
"presumptively prejudicial," no further balancing is necessary, and the inquiry ends.  *Id.*

8

Fishman's motion alleges at most a rather short "delay," particularly in light of the complexity of the case and the totality of the circumstances, including Fishman's earlier agreement to a continuance and his acquiescence in the current schedule.  Courts in this circuit routinely find that longer delays, some three- or four-times what Fishman's complains of here, do not run afoul of constitutional protections.  *E.g.*, *United States v. Moreno*, 789 F.3d 72, 82 (2d Cir. 2015) (27-month delay was not a violation of the Defendant's speedy trial right); *United States v. Ghailani*, 733 F.3d 29, 51-52 (2d Cir. 2013) (five year delay between arrest and indictment was not a speedy trial violation); *Flowers v. Warden, Connecticut Corr. Inst.*, 853 F.2d 131, 133 (2d Cir. 1988) ("[W]e note first that the 17–month delay here, while lengthy, is nevertheless considerably shorter than those in other cases where we have found no speedy trial violation.").  Fishman's cursory motion does not direct the Court to any contrary precedent.

While determining whether a delay is presumptively prejudicial turns on the facts of the particular case, *see Black*, 918 F.3d at 254, an eight-month time lapse is among the very lowest lengths of time previously deemed "presumptively prejudicial."  *See Unites States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992); *see also Black*, 918 F.3d at 255 (collecting cases finding that periods from one year to seven years is prejudicial).

Further undermining Fishman's position, circumstances of this case are unique and support the conclusion that the passage of eight months since Fishman's arrest in this case is not presumptively prejudicial.  This case involves nineteen defendants and multiple terabytes of discovery material to review and analyze before trial.  The indictment alleges four different conspiracies, including two implicating Fishman.  In such a case, presumptive prejudice from the passage of only eight months since arrest and five months since indictment is difficult to assert. *See Barker*, 407 U.S. at 531 ("[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.").

Moreover, the interests the speedy trial right seeks to protect are not implicated here, further supporting the conclusion that there is no presumptively prejudicial delay. *See id.* at 532. Fishman is not incarcerated. Moreover, the time allowed to review discovery and prepare motions explicitly is to facilitate, and does not impair, Defendants' ability to prepare a defense. Finally, while the pendency of criminal charges certainly causes anxiety and concern, forcing a faster trial in the midst of a pandemic is likely to exacerbate anxiety further and cause personal health issues, a concern acutely relevant for a Defendant like Fishman, who curiously cites to his own serious underlying health issues. *See* Motion at 2 (noting "Dr. Fishman is aware of and concerned with the COVID-19 pandemic especially given that Dr. Fishman himself has cancer and therefore is at serious risk during the pandemic.").

Adding to this, the "efficiency" interest underlying the speedy trial right is advanced (not thwarted) by the schedule under which all parties are operating here. *See Black*, 918 F.3d at 254 (noting that the constitutional speedy trial right "serves a societal interest in the fair and efficient operation of the criminal justice system and in limiting the costs to the community of pretrial detention and its deleterious effects."). The Court has found, and, indeed, all parties (including Fishman until his change in course with the filing of this Motion) recognized, that the current schedule serves the ends of justice and judicial efficiency. It specifically allows Defendants time to receive, review, and analyze discovery, prepare any pretrial motions, and develop their cases for trial. Fishman's alternative demand for unreasonable speed "would have a deleterious effect both upon the rights of [all of] the accused[s] and upon the ability of society to protect itself." *United States v. Ewell*, 383 U.S. 116, 120 (1966). Indeed, this is especially true since the charges against Fishman have not been severed from the rest of the Defendants. Indulging the request to set an imminent trial date would prejudice the ability of all Defendants, not just Fishman, to prepare their defense for trial. The Court finds that in light of the interests animating the right to

a speedy trial and the circumstances here, the "delay" alleged is not presumptively prejudicial to Fishman.

However, even if Fishman arguably were presumptively prejudiced by a delay, the other *Barker* factors all weigh in favor of denial of the Motion.

As to the second factor—reason or cause of the delay—in order to allege a constitutional violation, Fishman would have to demonstrate that the Government has failed to exercise due diligence in prosecuting its case. *Moreno*, 789 F.3d at 79.  Even if the Court assumes that the Government singularly is responsible for any prejudicial delay, there must be some amount of "bad faith, negligence, or tactical maneuvering" to make the delay actionable. *Flowers*, 853 F.2d at 134; *see Moreno*, 789 F.3d at 82 ("Unquestionably, the ten-month delay attributable to the government here cannot sustain a Sixth Amendment claim absent 'some additional compelling circumstance, such as bad faith by the prosecution or actual prejudice.'" (quoting *United States v. Jones*, 91 F.3d 5, 9 (2d Cir. 1996)).  Fishman does not and cannot attempt to show any such neglect or bad faith.  Instead, the reasons for the timeline of this case are clear, unassailable, and largely consensual.

At the outset, it is highly relevant that we are operating in the midst of the unprecedented COVID-19 pandemic which, of necessity, has resulted in some limitations on court operations. COVID-19 is an incredibly infectious disease which has resulted in declarations of emergency by the President of the United States and by the Governor of New York.  While certain segments of New York City slowly and cautiously have begun to reopen, the courthouse is only now accessible to the public on a limited basis.  Further, the Chief Judge of this Court has issued a Standing Order that jury trials are indefinitely suspended due to the public health risks and an inability to summon a jury venire. *See* Standing Order, 20-mc-00197.  To the extent any delay in

this case is attributable to the COVID-19 pandemic, that delay is not unreasonable and is attributable to no party.

Beyond the ongoing pandemic however, the cause of the "delay" Fishman asserts is clear. Before the indictment was unsealed, Fishman consented to at least one continuance of time now implicated by his motion.  *See* Order of Continuance, ECF 11, at 2 ("It is further found that the Government has requested a continuance of 30 days to engage in further discussions with counsel about the disposition of this case and that [Fishman], through counsel, has consented that such a continuance may be granted for that purpose and has specifically waived his right to be charged in an indictment or information for an additional 30 days").  After the indictment was unsealed and Fishman was arraigned, the schedule in place in this case was proposed at the initial conference, and was consented to by all Defendants.  The Government has suggested from the outset that the initial production of discovery will take approximately seven months (*i.e.* through Fall 2020).  *See* Transcript of Arraignment and Initial Conference, ECF #203, at 66:4-22.  During the initial conference in this case, *all* Defendants (including Fishman) consented to that schedule.  In particular, Fishman's counsel responded "With respect to the discovery, I don't have any major issue with what [the Government] represented about the timing and the progression of discovery. I understand the labor and the manhours that's going to go into doing all this with respect to all of the electronic devices." *Id.* at 76:18-22.  Indeed, even now as he expresses "concern" that his speedy trial rights may be "in jeopardy," Fishman admits that the discovery timeline and rolling productions are "understandable" given the difficulties imposed by the COVID-19 pandemic.  *See* Motion at 2.

Later in the initial conference, the Court again asked whether any Defendant objected to a proposed schedule that would not set a trial date in this case until Fall 2020.  No Defendant, including Fishman, objected, presumably because that timing was necessary to allow for the

production and review of discovery in this case.  *See* Transcript of Arraignment and Initial

Conference at 79:10.  The current schedule, which Fishman now alleges jeopardizes his speedy

trial rights, was explicitly agreed upon because it was necessary to allow the Defendants to

receive discovery, review and analyze it, strategize, and prepare for motions and trial.  These

sorts of "valid reasons" for additional time in a case "are taken off the scale entirely," and do not

count as "reason for delay" at all.  *United States v. Tigano*, 880 F.3d 602, 612-13 (2d Cir. 2018)

(citing *Barker*, 407 U.S. at 531).  Rather, as the Court found, balancing all relevant factors, they

serve the ends of justice and outweigh the interests of a single defendant in a multi-defendant

case and the public in a speedy trial.

Fishman's previous consent to this schedule makes clear that the third *Barker* factor,

Fishman's timely invocation of the right, renders his motion meritless.  Not only did Fishman

fail to object to the schedule he now challenges, but he expressly waived objection to parts of it

before the indictment was unsealed, *see* Order of Continuance, ECF #11, at 2 ("[T]he

Government has requested a continuance . . . and [Fishman], through counsel, has consented that

such a continuance may be granted . . . .").  He did so again when the current schedule was first

put in place.  *See* Transcript of Arraignment and Initial Conference at 76:18-22 ("With respect to

the discovery, I [counsel for Fishman] don't have any major issue with what [the Government]

represented about the timing and the progression of discovery."); *cf. United States v. Ferrara*,

788 Fed. App'x 748, 753 (2d Cir. Sept. 23, 2019) (denying a speedy trial claim where the

defendant did not object to the delay in question); *United States v. Vasquez*, 918 F.2d 329, 338

(2d Cir. 1990) (defendant did not timely invoke the right when he waited 22 months to raise

speedy trial claims).  And, as noted, Fishman did not seek an exception to the Standing Order

suspending the Speedy Trial Act clock when it was first issued or when it was later extended.

Fishman's Motion does not explain or justify his apparent change in position.

Finally, Fishman does not attempt to delineate what actual prejudice he faces from the supposed delays of which he now complains.  Significantly, at the same time he now presses to have a trial date set, Fishman (along with other Defendants) is working seemingly cooperatively with the Government to access and examine various electronic devices that were seized as part of the investigation here and to arrange split sampling of various drugs in question.  These actions will take time and are at odds with any demand that a trial date be set immediately.  More importantly, the discovery period in this case was set to allow all Defendants (including Fishman) time adequately to prepare their defense.  It does not cause any prejudice, especially since Fishman himself is not detained pre-trial and the time gives him an opportunity to review discovery and to assist in his own defense.

The Court has balanced the *Barker* factors and concludes that none of the factors weigh in favor of Fishman.  Indeed, Fishman does not provide any support in his cursory submission.  Thus, to the extent it is based on Fishman's constitutional right to a speedy trial, the Motion is denied.

## CONCLUSION

For the reasons stated herein, Defendant Seth Fishman's motion concerning his speedy trial rights is DENIED.   The Court will not grant an "exception" to the Standing Orders applicable in this District.  Moreover, neither Fishman's statutory nor constitutional rights require that the previously agreed-upon schedule be accelerated and time to prepare a defense be cut short to allow for a trial date to be set now or for trial to occur imminently.

All parties are admonished that in the future any motion papers should cite to governing precedent and be accompanied by a memorandum of law unless otherwise stated.

The Clerk is respectfully requested to close the motion at ECF #240.

**SO ORDERED.**

**Date:  July 9, 2020**
**New York, NY**

_Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**

15