```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

SETH FISHMAN, et al.

Defendants.

1:20-cr-160 (MKV)

**ORDER DENYING
MOTION TO TRAVEL**

MARY KAY VYSKOCIL, United States District Judge:

Defendant Seth Fishman moves to modify his bail conditions to permit him to travel to the United Arab Emirates ("UAE"). *See* ECF No. 273 ["Fishman Motion"]. This is Fishman's second request for this relief. After his arrest, but before the Indictment was issued in this case, Fishman made an identical application which was denied by Magistrate Judge Katharine H. Parker. *See* ECF No. 9, *USA v. Seth Fishman*, Case No. 19 Mag. 10210 (Dec. 10, 2019) (the "Initial Request Order"). The Government again opposes Fishman's latest request. *See* ECF No. 276 ["Government Opposition"].[1] Fishman also submitted a Reply. *See* ECF No. 279. For substantially the same reasons as set forth in Magistrate Judge Parker's Initial Request Order, Fishman's Motion is denied.

When considering an application to modify a Defendant's bail conditions, the Court is guided by the factors discussed in 18 U.S.C. § 3142(g). Specifically, the Court must consider the nature and circumstances of the offenses charged, the weight of the evidence against the Defendant, the Defendant's personal characteristics and criminal history, and the nature of the danger to the community posed by modification. *See* 18 U.S.C. § 3142. The Court must impose

---

[1] The Government's Opposition to the Fishman Motion originally was filed in redacted form because it contained details of a sealed proceeding in the United States District Court for the Southern District of Florida (the "Florida Action"). On October 27, 2020, Magistrate Judge Dave Lee Brannon of that District ordered the filings in the Florida Action unsealed. The Government subsequently filed an unredacted copy of its Opposition and the filings in the Florida Action on the docket in this case. *See* ECF No. 278.

conditions that "will reasonably assure the appearance of the [Defendant at trial] as required and the safety of any other person and the community." *Id.*

It is worth noting at the outset that Fishman's existing bail conditions were negotiated and agreed to by him and were accepted by the Court at his initial presentment in this District. *See* Initial Request Order at 2. They were determined to be the least restrictive conditions that would ensure Fishman's return to Court given that he was a flight risk. *Id.* at 5. By his motion, Fishman now once again seeks modification to permit travel to the very place that the agreed travel restrictions were meant to prohibit. *Id.* In support of his application, Fishman has consented to confessions of judgment against his real property and has secured an additional confession of judgment from his father against property he owns. *See* Fishman Motion at 2-3. In addition, Fishman has signed a purported "irrevocable" waiver of extradition and agrees to travel with a security guard/chaperone to monitor his behavior. *See* Fishman Motion at 2-3.

As the Government notes and Magistrate Judge Parker ruled, waivers of extradition like the one Fishman has signed largely are meaningless, especially as applied against a country with which the United States has no operative extradition treaty, like the UAE. *See* Initial Request Order at 10-13. Moreover, there is nothing to prevent Fishman from withdrawing that waiver, despite his claiming it is "irrevocable." *See, e.g.*, *United States v. Kouchekzadeh*, 2008 WL 1902434, at *3 (W.D.N.Y. Apr. 28, 2008) ("[A] waiver of extradition is not valid until an extradition request is actually pending . . . . Before that, it is subject to withdrawal. Since an extradition request will not be made until the defendant refuses to appear, his offer to waive extradition at this time is of little value."). Fishman's extensive connections to the UAE government through his business role, *see* Government Opposition at 7-8, which he does not dispute, increases the likelihood that, in the event an extradition request were made, that country would refuse to produce Fishman for prosecution. As a result, the Court declines to grant

Fishman's motion for permission to travel to the UAE because it materially would increase the risk that Fishman would not appear for trial.

Acknowledging these risks, Fishman has also suggested that he would travel with a chaperone, who would also ensure his return to the United States. *See* Fishman Motion at 3-4. Fishman has seemingly chosen the identity of this chaperone without input from the Government or the Court, and, as far as the Court can tell, Fishman will be paying the chaperone for his time and expenses in accompanying him. In light of Fishman's unilateral decision to choose and employ such a person, it provides the Court no additional assurance that Fishman will return to the Unites States.

Fishman has also signed a statement purporting to consent to his chaperone's use of "reasonable force" to secure him, if he attempts to flee, and to his being surrendered to foreign law enforcement authorities. *See* ECF No. 279, Ex. A. Fishman cites *United States v. Dreier*, 596 F. Supp. 2d 831 (S.D.N.Y. 2009), for the proposition that such consents are sufficient reassurance of the chaperone's ability to ensure a defendant returns here. *Dreier*, however, provides no support in this case. There, the Defendant was placed under 24/7 house arrest in New York City, within the jurisdiction of the Court. *Id.* at 834-35. Armed security was placed outside his apartment to ensure that the Defendant did not attempt to flee the country. *Id.* Fishman here proposes the opposite, that he be accompanied by security once he has already left the United States and once there is no other guaranteed legal means to secure his return. Once he has left this District, the Court will be unable to monitor or direct the chaperone's behavior. Moreover, Fishman has not explained how or whether the consent to the use of force he provides would be a valid defense to any action or prosecution in the UAE if the chaperone were required to apprehend him there. Without that assurance, the Court will not endorse sending a private

citizen potentially to be prosecuted in another country without a valid defense, especially to a country with whose government Fishman has such an apparently close connection.

In addition to the risk of flight, the Government has persuasively argued that permitting Fishman leave to travel to the UAE presents a danger to the community and risk of continuation of the crimes alleged in the Indictment. The evidence of Fishman's criminal activity is extensive and implicates individuals and organizations that Fishman works with in the UAE. *See* Government Opposition at 6-7. Notably, Fishman's alleged UAE employer moved in the United States District Court for the Southern District of Florida to take possession of performance-enhancing drugs seized by the Government during searches of Fishman's property in connection with the investigation of this case. *See* ECF No. 278 (filings in Florida Action). This at least suggests that Fishman's alleged criminal activity potentially is intertwined with the work he seeks to travel to the UAE in order to perform. The Court finds that modifying Fishman's existing bail conditions to permit him to travel to the UAE would increase the risk of harm to the public.

Finally, the Court is not persuaded that increasing the amount of property pledged to the Government will do anything to prevent flight or danger to the community in light of the nature and circumstances of the charges against him, the weight of the evidence proffered against him by the Government, and the application by Fishman's alleged UAE employer in the Southern District of Florida for release of the very evidence seized in this case. In short, the Court agrees with Magistrate Judge Parker's conclusions on Fishman's first application. Given his available resources and connections overseas, Magistrate Judge Parker concluded—and the Court agrees—that Fishman is a flight risk. Fishman's current bail conditions, including the surrender of his travel documents and limitations on travel, were imposed as the least restrictive conditions necessary to ensure his appearance at trial. The modifications he seeks also raise concern about

potential danger to the community by reason of continuation of the crimes with which he is charged. The additional arguments Fishman now makes do not warrant modification of his bail conditions as they do nothing to reassure the Court that his return from the UAE would be likely and that allowing him to travel to the UAE does not present a risk of danger to the community. As a result, Fishman's Motion for modification of his bail conditions is DENIED. The Clerk respectfully is requested to close the Motion at ECF No. 273.

**SO ORDERED.**

**Date:  October 28, 2020**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**