L6PVFISC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                              20 CR 160 (MKV)

SETH FISHMAN,

            Defendant.                      REMOTE VIDEOCONFERENCE
                                            (Substitution of Counsel)
------------------------------x

                                            New York, N.Y.
                                            June 25, 2021
                                            1:10 pm

Before:

              HON. MARY KAY VYSKOCIL,

                                  District Judge

                        APPEARANCES

AUDREY STRAUSS,
    United States Attorney for the
    Southern District of New York
ANDREW C. ADAMS
SARAH MORTAZAVI
    Assistant United States Attorneys

ANDREW S. FELDMAN
    Outgoing Attorney for Defendant

MAURICE SERCARZ
ROLAND G. RIOPELLE
    Incoming Attorneys for Defendant

1              (Remote videoconference via Teams)
2              THE COURT:  Good afternoon.  This is Judge Vyskocil.
3              Ms. Dempsey, can you hear me clearly?
4              THE DEPUTY CLERK:  Yes, your Honor.
5              THE COURT:  All right.  Thank you.
6              Would you call the case please.
7              (Case called)
8              THE DEPUTY CLERK:  Counsel, starting with the
9      government, please state your name for the record.
10             MR. ADAMS:  Good afternoon, your Honor.  This is
11     Andrew Adams, for the government.  Apologies.  I'm attempting
12     to join by video, but for the moment only have the audio.
13             THE COURT:  All right.  Good afternoon, Mr. Adams.
14             Before we get to the defendants, is Ms. Mortazavi on
15     the line?  I can now see you, Mr. Adams.
16             MR. ADAMS:  Thank you, your Honor.
17             Ms. Mortazavi is on the line.  She actually has a jury
18     deliberating and may jump off the line at any moment.
19             THE COURT:  No problem.  Not a problem.
20             Anybody else for the government?
21             MR. ADAMS:  No one else, your Honor.
22             THE COURT:  All right.  Thank you.
23             All right.  So to the defendants, Mr. Feldman.
24             MR. FELDMAN:  Good afternoon, your Honor.
25             Andrew Feldman for Seth Fishman, for purposes of this

L6PVFISC

1  hearing.

2  THE COURT:  Yes.  Good afternoon, Mr. Feldman.

3  Thank you.

4  MR. SERCARZ:  For the defendant Fishman, your Honor,

5  Maurice Sercarz, S-E-R-C-A-R-Z, Sercarz & Riopelle, on behalf

6  of the defendant.

7  THE COURT:  All right.

8  And you are proposed new counsel; correct?

9  MR. SERCARZ:  My partner and I, yes, your Honor.  My

10  partner is about to enter his appearance.

11  MR. RIOPELLE:  Yes.  Roland Riopelle, your Honor.

12  R-I-O-P-E-L-L-E.

13  THE COURT:  All right.  Gentlemen, you need to do a

14  better job with the video though, because I'm seeing right

15  between the two of you.  Thank you.

16  All right.  And you are Dr. Fishman?

17  THE DEFENDANT:  Correct.

18  THE COURT:  All right.  Good afternoon, Dr. Fishman.

19  Thank you for being on the line today.

20  We have a court reporter with us.  Ms. Martin, are you

21  able to hear and see me and everyone else who's participating?

22  THE COURT REPORTER:  Yes, your Honor.  Good afternoon.

23  THE COURT:  Good afternoon.  Thank you very much.

24  We are here because the Court has seen filed on the

25  docket a consent to change attorneys signed by -- purportedly

1    signed by Dr. Fishman; and a stipulation and order for
2    substitution, proposed order for substitution of counsel, which
3    appears to have been signed by both Mr. Feldman and
4    Mr. Riopelle -- is that how you pronounce your name, sir?
5               MR. RIOPELLE:  Yes, your Honor.  It's French, not
6    Italian.
7               THE COURT:  Okay.  Thank you.
8               -- and by Dr. Fishman as well.
9               So I convened this conference because I would like to
10   speak with counsel and with Dr. Fishman prior to entertaining
11   the proposed order that's been submitted.  Needless to say,
12   we're proceeding remotely both because people are located in
13   different places and because there are certain restrictions
14   that remain in place as a result of COVID-19.
15              So in connection with the fact that we are remote, I
16   have received from Dr. Fishman a waiver of any right to be
17   present at a criminal conference.  But since I asked him to be
18   present, he certainly does have that right.  I've also received
19   a consent to proceed by videoconference.
20              Mr. Feldman, I guess you are still counsel of record,
21   so would you please, for the record, just outline how these
22   documents were provided to Dr. Fishman.  You actually did not
23   sign them, Mr. Riopelle did.
24              MR. RIOPELLE:  Yes, your Honor.
25              I can say that I got them from Ms. Dempsey,

1    immediately prepared them and signed them and sent them to my
2    client, who then scanned them after he signed them and sent
3    them back to me for transmission back to Ms. Dempsey.
4              THE COURT:  All right.  And did you communicate with
5    Dr. Fishman about the fact that he has a right to be present in
6    open court for proceedings in his criminal case?
7              MR. RIOPELLE:  I did, but I encouraged him to waive
8    that right in this case.
9              THE COURT:  All right.  And it's your sense as
10   proposed counsel to Dr. Fishman that he understands his rights
11   and is voluntarily waiving them?
12             MR. RIOPELLE:  Yes, your Honor.  I think for purposes
13   of this hearing, very little can be accomplished by having
14   Mr. Fishman appear in person.
15             THE COURT:  All right.
16             And Dr. Fishman, you've heard what your proposed
17   counsel has represented to me.  Is it, in fact, your wish that
18   we proceed remotely, and that you waive your right to appear
19   before me in open court?
20             You're muted sir.
21             THE DEFENDANT:  Yes, your Honor.
22             THE COURT:  All right.  And is that your signature
23   that appears on each of the waiver of right to be present at
24   criminal proceedings and the consent to proceed by
25   videoconference?

1   THE DEFENDANT:  Yes, your Honor.

2   THE COURT:  All right.  I do find that Dr. Fishman
3 understands his right to appear before me in open court, and
4 that he is freely and knowingly and voluntarily waiving that
5 right and consenting to proceed by videoconference.

6   So let's move to the substance of why we are assembled
7 here today.

8   I would like to hear from you, Mr. Feldman, about the
9 reason for the request.  Bear in mind that we are -- I should
10 have said at the outset this is a formal court proceeding as if
11 we were in open court.  The information is posted on ECF, so
12 there may well be members of the press or the public, I don't
13 know, on this line.  So just bear that in mind when you answer
14 my question.

15   I'm obviously not asking for the substance of your
16 communications with Dr. Fishman, your client, but I just need
17 to understand what is precipitating this request this far into
18 a case, been pending for well over a year.

19   MR. FELDMAN:  Well, your Honor, the easiest way to put
20 it is that Dr. Fishman desires new counsel; he desires new
21 representation.  He's communicated that to me.  I've been in
22 close communication with his proposed new attorneys,
23 Mr. Riopelle and Mr. Sercarz.  I hope I'm not butchering the
24 last name.  And that's really the extent of it, your Honor.
25   I don't see any material adverse effect to Dr. Fishman

1  by having these two attorneys and their law firm come in.  They
2  are extremely experienced and skilled attorneys; and I will do
3  everything in my power to facilitate a smooth and painless
4  transition for them, whether it's supplying them with
5  discovery, work product, whatever they may deem to be
6  appropriate or necessary to facilitate the transition.
7           MR. RIOPELLE:  And for the record, your Honor --
8           THE COURT:  Hold on, hold on, hold on.
9           Dr. Fishman, I should ask you directly, is it your
10 wish to change counsel from Mr. Feldman to your newly proposed
11 counsel?
12          THE DEFENDANT:  Yes, your Honor, it is my wish to
13 change counsel at this time.
14          THE COURT:  Is there anything else you want to say on
15 the record about why you want to change counsel?
16          THE DEFENDANT:  No, your Honor.
17          THE COURT:  All right.  The concern the Court has is
18 the following:  Obviously a defendant has the right to counsel
19 of his or her choice, but that is not an unfettered right.  As
20 I say, this case has been pending for well over a year, and
21 discovery is voluminous, some might call it massive.
22          One of the defense counsel in this case has said to
23 me -- and he's quite an experienced defense lawyer as well --
24 that he has never seen a case with this volume of particularly,
25 as I understand it, electronic discovery.

        We have a schedule in place that we've all been operating under; specifically, there's a deadline for any motions addressed to material that has been produced of July 15th.

        So I will hear from proposed new counsel. I appreciate, Mr. Feldman, your assurance that you will work with proposed new counsel and you'll turn over any work product and cooperate with them. But I need an assurance that proposed new counsel understand what the schedule is, has no conflict that will prevent them from complying with that schedule, and that you are not going to seek -- if I grant the request to change counsel, that you are not going to seek any modifications to the present schedule, including the proposed schedule.

        So I'll hear from you now, Mr. Riopelle.

        MR. RIOPELLE: Thank you, your Honor.

        I had wanted to say that Mr. Feldman has already been very generous with his time and has spent some time helping us to get up to speed in the case. We've reached out to the discovery coordinator in the case and believe we will be able to get our hands on the discovery that we need immediately, and we have no intention of failing to meet the schedule as it has been set.

        I will let the Court know that handling large cases with enormous amounts of discovery is, sadly, an area of our expertise; our firm is known for that. We've handled many such

1   cases in the past.  I don't think -- while this has an enormous
2   amount of discovery, handling it will not be something that we
3   will be overwhelmed by.  So I think we've done all we can,
4   before we get in the case, to be ready to get the discovery.
5   And we'll get it and get our motions filed, and Mr. Feldman has
6   been very helpful in that process.
7            THE COURT:  All right.  You understand that there's a
8   July 15th deadline for those motions?
9            MR. RIOPELLE:  We do.
10           THE COURT:  All right.
11           The final thing I want to ask about is I received on
12  June 11 a letter from Mr. Adams with regard to scheduling.  And
13  specifically at the last conference we had talked about
14  proposed trial groupings.  And this letter proposes four
15  different trial groupings.  It says it's done after
16  consultation with the defendants, and it proposes that group
17  one will be Dr. Fishman, Ms. -- or is it Dr. Giannelli, I
18  forget.  Is she a veterinarian?
19           MR. ADAMS:  She is not, your Honor.
20           THE COURT:  She is not.
21           So Ms. Giannelli and Jordan Fishman.
22           The letter ends saying:  The government has circulated
23  this proposal to counsel for all defendants and has received no
24  objection; although counsel for Seth Fishman has alerted the
25  government that he may, following conferral with his client,

L6PVFISC

submit a separate letter regarding the topics covered herein.

I have not received any separate letter, but thereafter is when I received these requests to change counsel.

Are the two related?

MR. FELDMAN:  No, your Honor.

THE COURT:  No, Mr. Feldman?

MR. FELDMAN:  No.  No, your Honor.

If you want me to articulate that a little bit, I can.  If not, then I won't.

THE COURT:  Sure.  You just froze.

MR. FELDMAN:  I'm frozen.

THE COURT:  Yes.  There.  You're back, live.

MR. FELDMAN:  Okay.  There's some connectivity problems on my end today too.  I apologize, your Honor.

THE COURT:  Not a problem, Mr. Feldman.  I can see and hear you clearly, and you are unfrozen, at least in terms of my connection.

MR. FELDMAN:  Okay.  Did your Honor want me to articulate on that point any further?

THE COURT:  Yes, I'd like it clear on the record what the position is.

MR. FELDMAN:  Sure.

The reason that no letter was submitted was because we don't -- at that time we didn't have an objection to the groupings or to the -- I believe the date of the expert

1    disclosure reports.  I wanted additional time, and that's why
2    Mr. Adams had included, I think, that one sentence, assertion,
3    in the letter, to confer with Dr. Fishman.  We conferred.  And
4    after conferring, there was no reason to send any type of
5    separate letter.  The expert disclosure dates were acceptable
6    and the trial grouping one after discussion was acceptable, as
7    well.
8              THE COURT:  All right.  Thank you.
9              All right.  Anything you wish to add for the record,
10   Dr. Fishman?
11             THE DEFENDANT:  No, your Honor.
12             THE COURT:  All right.
13             Anything from you, Mr. Riopelle?
14             MR. RIOPELLE:  No.  But, Maurice, you've got anything
15   you need to tell the judge?
16             MR. SERCARZ:  Your Honor, the one matter of concern I
17   have coming into the case, as I understand, that the government
18   may still be supplying discovery.  We are faced with a motion
19   deadline, the second group of motions; it's coming up pretty
20   fast.  And I understand that discovery is still being provided.
21             Can we find out from the government whether or not
22   we're at an end, so that at least we're not in a position of
23   filing motions and having to amend them in some way in the
24   event that additional discovery is --
25             THE COURT:  No, that is not on the agenda for today.

1   If you are coming into the case, you are taking the case as it
2   stands.  And all defendants have the same -- or are in the same
3   position as you are.
4           If there's something with regard to the status of
5   discovery on a global basis that ought to be raised with the
6   Court, I recommend that once you step in, you confer with your
7   colleagues on the defense side and people reach out to me about
8   that, if there's something that needs to be discussed with the
9   Court.
10          You also should read the transcript from the last
11  hearing that we had, because this exact issue was addressed at
12  the last conference, to the best of my recollection.
13          MR. SERCARZ:  Fair enough, your Honor.
14          THE COURT:  All right.
15          Mr. Adams, is there anything from you?
16          MR. ADAMS:  Only to note that I am happy to talk with
17  new counsel about the nature of discovery and what may be
18  coming down the pike.
19          THE COURT:  All right.
20          Is there anything else then for the sake of good order
21  here that we ought to discuss?
22          MR. ADAMS:  From my perspective, your Honor, no.
23          I appreciate new counsel confirming that they are good
24  with the schedule for the motion as set.
25          THE COURT:  As does the Court.

L6PVFISC

1          All right.  Anything else from you, Mr. Feldman?
2          MR. FELDMAN:  No, your Honor.
3          And thank you for scheduling this hearing.
4          THE COURT:  All right.  Anything else from you,
5     Mr. Riopelle or -- I'm sorry, I keep not calling on
6     Mr. Sercarz, is that how you pronounce your name?
7          MR. SERCARZ:  Yes, your Honor.  Understood.
8          Nothing else from me, your Honor.
9          MR. RIOPELLE:  Nothing from me.
10         THE COURT:  All right.  Then the Court will so-order
11    the substitution of counsel.  And Mr. Feldman, you are relieved
12    then as counsel for Dr. Fishman.
13         I will say for the record that Mr. Feldman has
14    provided quite competent representation to Dr. Fishman.  He has
15    aggressively and competently represented Dr. Fishman's
16    interests, his unique interests, separate from the
17    representation of the entire defense group.
18         So, Mr. Feldman, thank you.  And you are relieved as
19    counsel.
20         MR. FELDMAN:  Thank you, your Honor.
21         THE COURT:  All right.  Anything else?
22         If not, I thank our court reporter, and we are
23    adjourned then.  Thank you.
24                         *   *   *
25