UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,	Indictment No.: 20 CR 160 (MKV)

    v.

JORGE NAVARRO, et al.,	**DECLARATION**
(SETH FISHMAN),

                    Defendant.
-------------------------------------------------------------X

       MAURICE H. SERCARZ, being duly sworn deposes and says:

       1.       I am member of the firm of Sercarz & Riopelle, LLP, counsel of record for the defendant Seth Fishman.

       2.       Seth Fishman ("Dr. Fishman," "Fishman," "the defendant") is charged in Counts 1 and 2 of the instant Indictment. Count 1 charges a conspiracy to engage in the adulteration and misbranding of drugs from 2016 to 2020 with five other indicted defendants in violation of 18 U.S.C. § 371. Count 2 charges the defendant with conspiracy to engage in the adulteration and misbranding of drugs from 2002 through March of 2020, together with three defendants not named in Count 1.

       3.       Dr. Fishman moves to suppress evidence (1) derived from electronic eavesdropping on the phones of alleged co-conspirators in instances where the defendant is overheard in conversation with others; (2) derived from electronic eavesdropping on the Fishman phone; (3) seized during the searches of his home, ground floor business premises and storage unit; (4) seized from his DropBox account and two email accounts; and (5) derived from the searches of cell phones seized incident to his arrest.

1

**Applications and Warrants**

  4. On or about October 23, 2018, the Honorable Colleen McMahon, U.S. District Judge, authorized the interception of wire and electronic communications occurring over a cellphone used by Nick Surick, a trainer of racehorses.  On or about January 7, 2019, the Honorable Richard M. Berman, U.S. District Judge authorized the interception of wire and electronic communications occurring over a cell phone subscribed to in the name of Jorge Navarro and used by Navarro, a trainer of racehorses.  The defendant was overhead in conversation with Navarro during the period of wiretapping on the Navarro cell phone.

  5. On or about February 14, 2019, the Honorable Edgardo Ramos, U.S. District Court, authorized electronic interception of conversations over cellphones identified with Seth Fishman and Christopher Oakes.  In support of the application for eavesdropping authority, the Government relied, *inter alia,* upon the Affidavit of Special Agent Bruce Turpin of the Federal Bureau of Investigation.  A copy of the Affidavit is annexed here to as **Exhibit A.**

  6. The Government sought and obtained renewal of the wiretapping authorizations over the Fishman phone on or about March 19, 2019, by order of the Honorable Sidney Stein, U.S. District Court Judge, and on or about April 17, 2019, by order of the Honorable Kimba M. Wood, U.S. District Court Judge. The Government relied, *inter alia,* upon the Affidavit of Special Agent Robert Berntsson of the Federal Bureau of Investigation.  A copy of the Affidavit is annexed here to as **Exhibit B.**

  7. On or about March 29, 2019, the Government sought and obtained an anticipatory warrant to seize cell phones and electronic devices from Fishman, who had departed the United States in or about February 26, 2019, upon his return from the United Arab Emirates.  The order

was issued by the Honorable Sanket Bulsara, U.S. Magistrate Judge Eastern District of New York. Authority to engage in this seizure was renewed on several occasions. The application for anticipatory authority to seize the defendant's cell phones upon his return to the United States based, *inter alia*, on the Affidavit of Special Agent Bruce Turpin of the Federal Bureau of Investigation. A copy of the Affidavit is annexed here to as **Exhibit C.**

8. Meanwhile, on or about June 17 through 21, 2019 the Government sought and obtained authority to search the defendant's DropBox account and email accounts. The warrants were signed by the Honorable Sarah Netburn, U.S. Magistrate Judge, Southern District of New York. The warrant for authority to search the defendant's DropBox was supported, *inter alia*, by the Affidavit of Special Agent Timothy Bergen of the Federal Bureau of Investigation. A copy of the Affidavit is annexed here to as **Exhibit D.** The warrant for authority to search the defendant's email accounts were supported, *inter alia*, by the Affidavit of Special Agent Timothy Bergen of the Federal Bureau of Investigation. A copy of the Affidavit is annexed **E.**

9. On or about October 22, 2019, the defendant's cell phone was seized incident to his arrest upon his return to the United States.

10. On or about October 25, 2019, the Government obtained a warrant in the Southern District of Florida to search the defendant's home, office, and a storage facility. The warrant was signed by the Honorable Dave Lee Brannon, U.S. Magistrate Judge, Southern District of Florida. The warrant for authority was supported, *inter alia*, by the Affidavit of Special Agent Robert Ekey of the Food and Drug Administration, Office of Criminal Investigations. A copy of the Affidavit is annexed here to as **Exhibit F**.

11. The affidavits are being provided to the Court under separate cover because they are considered Protected Discovery material.

**Citations to the Government's Warrant Applications**

12.     Where the Memorandum of Law on behalf of Seth Fishman references the Government's applications for a search warrant or eavesdropping warrant, I have cited to the appropriate page of the Affidavit of the agent filed in support of the warrant.

13.     In those instances where we contend that assertions in the Government's applications are contradicted by other documents, those documents are annexed hereto as exhibits. Annexed hereto as **Exhibit G** are the line sheets (a synopsis) of a telephone call between Seth Fishman and Steven Greenberg on February 19, 2019.

**Requested Relief**

14.     For all the reasons set forth in the annexed Memorandum of Law, the defendant respectfully moves for an Order suppressing the introduction of evidence pursuant to the wiretap orders and searches described herein.

15.     In the alternative, the defendant seeks a hearing in accordance with *Franks v. Delaware*, 438 U.S. 154, 164-72 (1978).

16.     We respectfully join in the motions and arguments of the co-defendants Jorge Navarro and Christopher Oakes regarding the warrant to engage in electronic eavesdropping on conversations intercepted over those phones in which Fishman is, within the meaning of the statute, an "aggrieved party."

17.     The defendant further joins in all the motions brought by his co-defendants to the extent that they are applicable to him.

18.     Finally, we reserve the right to supplement this motion once the Government specifies, in accordance with Fed.R.Crim.P. Rule 12(b)(4)(B), the evidence seized during Court

ordered electronic eavesdropping, searches of the defendant's home, ground floor business premises and storage facility, and statements made by the defendant during interrogation by agents of law enforcement. And, for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       July 29, 2021

                                      /s/ Maurice H. Sercarz
                                      MAURICE H. SERCARZ