Please do not remove this slip from exhibit.
NY# 285785-1A9C



## PROFFER AGREEMENT

With respect to the meeting of Seth Fishman ("Client") and his attorney, Stephen Wexler, Esq. with Christopher C. Caffarone of the United States Attorney's Office for the Eastern District of New York ("the Office") and Special Agent Angela Jett of the Federal Bureau of Investigation, held at the offices of the United States Attorney for the Eastern District of New York on November 20, 2009 (the "Meeting"), the following understandings exist:

1. **THIS IS NOT A COOPERATION AGREEMENT.** Client agrees to provide the Office with information, and to respond to questions, so that the Office may evaluate Client's information and responses in making prosecutorial decisions. By receiving Client's proffer, the Office does not agree to confer immunity, make a motion on Client's behalf, or enter into a cooperation agreement, plea agreement or non-prosecution agreement. The Office makes no representation about the likelihood that any such agreement will be reached in connection with this proffer.

2. In any prosecution brought against Client by the Office, except a prosecution for false statements, obstruction of justice, or perjury with respect to acts committed or statements made at or after the Meeting, the Office will not offer in evidence any statements made by Client at the Meeting (A) in its case-in-chief or (B) at sentencing. The Office will, to the extent it believes it is required by law, notify the Probation Department and the Court in connection with sentencing of any statements made by Client at the Meeting. If such notification is made, the Office also will notify the Probation Department and the Court of the Office's agreement not to offer in evidence any such statements at sentencing.

3. Notwithstanding paragraph (2) above, the Office may use any statements made by Client: (A) to obtain leads to other evidence, which evidence may be used by the Office in any stage of a criminal prosecution (including but not limited to detention hearing, trial or sentencing), civil or administrative proceeding, (B) as substantive evidence to cross-examine Client, should Client testify, and (C) as substantive evidence to rebut, directly or indirectly, any evidence offered or elicited, or factual assertions made, by or on behalf of Client at any stage of a criminal prosecution (including but not limited to detention hearing, trial or sentencing).

4. Notwithstanding any of the foregoing, in the event the Client seeks to qualify for a reduction in sentence under 18 U.S.C. § 3553(f) or Sentencing Guideline §§ 2D1.1(b)(9) or 5C1.2, paragraphs (2) and (3) will not apply at sentencing to any

2

statements made by Client at the Meeting, and the Court may rely on all statements by Client in sentencing the Client.

     5.  It is further understood that this agreement is limited to the statements made by Client at the Meeting and does not apply to any oral, written or recorded statements made by Client at any other time or to any other information provided at the Meeting. Moreover, the provisions of Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 do not apply to any statements made by Client at the Meeting, and Client shall not assert any claim under these or any other provisions of law that such statements or any leads therefrom should be suppressed.

     6.  No understandings, promises, or agreements have been entered into with respect to the Meeting other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties.

Dated:  New York, New York
       November 20, 2009

                     BENTON J. CAMPBELL
                     United States Attorney
                     Eastern District of New York

            By: _____
               Chris C. Caffarone
               Assistant U.S. Attorney

               _____
               Special Agent Angela Jett

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Seth Fishman
Client

_____
Stephen Wexler
Attorney for Client

SF_00000584