ORIGINAL

Approved: _____SMort_____
SARAH MORTAZAVI
Assistant United States Attorney

Before:   THE HONORABLE JAMES L. COTT
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA          :    **SEALED COMPLAINT**

          - v. -                  :    Violation of
                                       21 U.S.C. §§ 331(a),
SETH FISHMAN,                     :    333(a)(2), 353(b) & 18
                                       U.S.C. § 2
                   Defendant.     :

                                  :    COUNTY OF OFFENSE:
                                       NEW YORK

- - - - - - - - - - - - - - - - - - X

19MAG10120

SOUTHERN DISTRICT OF NEW YORK, ss.:

     MATTHEW T. CALLAHAN, being duly sworn, deposes and
says that he is a Special Agent with the Federal Bureau of
Investigation ("FBI"), and charges as follows:

COUNT ONE

     1.    Between at least in or about September 2018 and
at least in or about October 2019, in the Southern District of
New York and elsewhere, SETH FISHMAN, the defendant, with the
intent to defraud and mislead, did introduce and deliver for
introduction into interstate commerce and cause to be introduced
and delivered for introduction into interstate commerce drugs
which were misbranded, to wit, drugs that FISHMAN and others
known and unknown had manufactured, prepared, propagated,
compounded, and processed in an unregistered establishment,
including for use on racehorses for the purpose of deceitfully
enhancing their performance and fraudulently increasing their
odds of winning.

     (Title 21, United States Code, Sections 331(a), 333(a)(2) &
          352(o); Title 18, United States Code, Section 2.)

     The bases for my knowledge and for the foregoing
charge are, in part, as follows:

2

     2.    I am a Special Agent with the FBI and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

     3.    Based on my training and experience and my discussions with law enforcement officers with the Food and Drug Administration ("FDA"), I am aware of the following:

     a.    Under the Federal Food Drug and Cosmetic Act ("FDCA"), any drug establishment manufacturing, preparing, propagating, compounding, or processing animal drugs is required to register annually with the FDA as a drug establishment and provide to the FDA a list of all drugs being manufactured, prepared, propagated, compounded, or processed at that establishment for commercial distribution in the United States, pursuant to Title 21, United States Code, Section 360(a)-(c), and (j), including repackaging or otherwise changing the container, wrapper, or labeling of any drug package to further distribution of the drug.

     b.    Under the FDCA, a drug is misbranded if it is manufactured, prepared, propagated, compounded, or processed in an establishment that is not registered with the FDA.

     4.    Based on my training and experience and my participation in this investigation, including my conversations with other law enforcement officers, I have learned, among other things, the following:

     a.    Since at least in or about January 2019, law enforcement agents have been investigating the manufacture, sale, and distribution of drugs by several individuals affiliated with a particular Florida-based drug distribution company that is not registered with the FDA ("Company-1"). Based on my review of public records from the Florida Division of Corporations, I have learned that SETH FISHMAN, the

3

defendant, is the registered agent for Company-1. Based on my
participation in this investigation, I have learned that FISHMAN
operates Company-1. I have further learned that neither FISHMAN
nor Company-1 are registered with the FDA to manufacture drugs.

     5.    From my discussions with agents who have
spoken with a confidential source involved in this investigation
("CS-1"),[1] I have learned, among other things, the following:

        a.    A particular individual who works for
SETH FISHMAN, the defendant, ("CC-1") stated to CS-1, in
substance and in part, that FISHMAN creates and distributes
custom-made drugs and that CC-1, among others, sells those
products on FISHMAN's behalf.

        b.    CS-1, at law enforcement's direction,
purchased certain drugs (the "FISHMAN Drugs") from FISHMAN
through CC-1. CS-1 represented to CC-1, in substance and in
part, that CS-1 intended to use the FISHMAN Drugs on racehorses
for the purpose of deceitfully enhancing their performance and
fraudulently increasing their odds of winning. CS-1 later
received the FISHMAN Drugs and produced them to law enforcement.
The FISHMAN Drugs have not been approved for use by the FDA.

     6.    In connection with this investigation, law
enforcement agents have obtained FedEx shipping records and
search warrants to search two email accounts, a Dropbox account,
and a cellular telephone associated with FISHMAN. From my
discussions with agents who have reviewed the foregoing
information, I have learned, among other things, the following:

        a.    Between at least in or about September 2018
and at least in or about March 2019, FISHMAN exchanged the
following text messages, among others, with a particular
individual who assists FISHMAN in compounding drugs ("CC-2").
CC-2 is not registered with the FDA to manufacture drugs:

---

[1] CS-1 began cooperating with the investigation in the hope of
obtaining a benefit with respect to a then-pending state offense
that has since resolved, but no promises were made regarding the
outcome of those state charges. CS-1 has no known prior
convictions. Information provided by CS-1 has been corroborated
by independent evidence, and agents have found CS-1 to be
reliable and credible.

4

| FISHMAN: | Great thank you. Next up we need to discuss the formulation for the HA stuff | 9/1/2018 |
|---|---|---|
| CC-2: | I'll be in the lab tomorrow so if you want me to call you or you want to discuss this on Tuesday just let me know | 9/1/2018 |
| FISHMAN: | What time you in the lab? | 9/1/2018 |
| CC-2: | Probably mid-day to early afternoon. | 9/1/2018 |
| FISHMAN: | Ok | 9/1/2018 |
| | *** | |
| FISHMAN: | Need your assistance these next 2 weeks to get all orders out. Also need to know about doing another deslorel | 10/11/2018 |
| CC-2: | In the lab now.  Formulating the did so it can lyoph tomorrow. Tryingvtok get the solubility exit done as well.  Deslorelin will confirm timeline tomorrow but expect can do in 2.5 weeks as I bought extra resin.  So can ship by 10/30. | 10/11/2018 |
| | *** | |
| CC-2: | Seth we have a problem with the Spectrum hydrocortisone. It does not go into solution to the same extent as the other material that we have been using from medisca. I had enough to do the adrenal cortex which is the clear solution but I've aisle up material for the camera cord exactly as I always do and there's precipitant and when I looked in the rest of the batch cuz I was going to finish it this | 10/25/2018 |

5

| | | |
|---|---|---|
| | morning before the palate went out there was precipitant visible in the bottom of the carboy. I am going to write an email and tell [CC-3] she's got to get material from medisca and when I get back on Wednesday morning I will do that and finish the last projects the AIA and the DP. Everything else is going to be on today's ballot so [CC-3] can get going next week with labeling. | |
| FISHMAN: | Ok | 10/25/2018 |
| CC-2: | [CC-3] has it all ordered. First pallet on its way. | 10/25/2018 |
| | *** | |
| CC-2: | We are going to send a second pallet next Fri | 10/25/2018 |
| | *** | |
| CC-2: | We will not use silver for any of these projects. Will use in skin serums or something else | 2/17/2019 |
| CC-2: | Ok will formulate without. | 2/17/2019 |
| | *** | |
| FISHMAN: | Raise ph to 12 after adding arginine and keto together . Use citric acid to bring back down to a ph of 7 | 3/21/2019 |
| CC-2: | It worked will bottle tomorrow and ship ground. Hope all is well | 3/21/2019 |

Based on my training and experience and my participation in this investigation, including my discussions with other agents, I believe that "deslorel," "hydrocortisone," and "arginine" are drugs. I have further learned from my review of publicly available information that "Medisca" is the name of a company that sources products for compounding by research laboratories and pharmaceutical companies. Accordingly, I believe that FISHMAN and CC-2 are discussing, in substance and in part, compounding drugs by combining multiple component drugs,

6

including those received from Medisca, and ordering additional products.

b.   In or about March 2019, FISHMAN received a text message from an employee of Company-1 ("CC-3") stating, among other things, "Just a reminder to email me the specifics of VO2 Max what it does, how it performs and how it is different from Oxygenator so I can get it to [CC-4] so she can translate it into Spanish to sell to her clients." From my participation in this investigation and my discussions with other agents involved in this investigation, I have learned that VO2 Max is a drug that FISHMAN develops and sells directly and through CC-1. I have further learned that VO2 Max is not approved for use by the FDA.

c.   On or about February 21, 2019 and on or about March 19, 2019, SETH FISHMAN, the defendant, shipped or caused to be shipped packages to an address within the Southern District of New York directed to a particular individual ("Customer-1"). From my review of open source information and my participation in this investigation, I have learned that Customer-1 is affiliated with a particular phone number ("Telephone-1"). From my discussions with agents who have reviewed text messages sent and received by FISHMAN on or about February 21, 2019 and on or about March 19, 2019, I have learned that FISHMAN sent and received the following text messages, among others, with Telephone-1, which I believe is used by Customer-1:

| Customer-1: | Can I please order 10 more? Same CC | 2/21/2019 |
|---|---|---|
| | *** | |
| Customer-1: | 10 purple, 5 green please | 2/21/2019 |
| | *** | |
| Customer-1: | Hey Doc, can I get 10 more GCAV please? Same address, same card. Thanks, Jeff. | 3/19/2019 |
| FISHMAN: | Ok | 3/19/2019 |

7

Based on my training and experience and my participation in this investigation, I have learned that FISHMAN and others, known and unknown, refer to drugs created and sold by FISHMAN by color, including "purple" and "green," among others. Accordingly, I believe that, in the aforementioned conversation, Customer-1 is ordering from FISHMAN drugs that FISHMAN has manufactured.

      d.    Based on the foregoing, I believe that FISHMAN has corresponded with Customer-1 regarding the shipment of drugs developed by FISHMAN using Company-1, and that FISHMAN in fact shipped these substances to Customer-1.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of SETH FISHMAN, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.


Special Agent Matthew T. Callahan
Federal Bureau of Investigation


Sworn to before me this
28th day of October, 2019


THE HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK