

**Andrew S. Feldman**
Feldman Firm, PLLC
Southeast Financial Center
200 S. Biscayne Blvd, Suite 2770
Miami, Florida 33131
Phone: 305.714.9474
Mobile: 202.320.7705
Facsimile: 305.714.9555
Email: afeldman@feldmanpllc.com
Website: www.feldmanpllc.com

October 15, 2020

**VIA CM/ECF**

Re: *United States v. Seth Fishman*, 20-cr-160-MKV (S.D.N.Y.)
*MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE TO PERMIT TRAVEL TO UNITED ARAB EMIRATES*[1]

Dear Judge Vyskocil:

Dr. Seth Fishman respectfully requests that your Honor modify Dr. Fishman's conditions of release to permit Dr. Fishman to travel to the United Arab Emirates for a period of not more than 21 days.[2] *See* 18 U.S.C. Section 3142(c). At present, Dr. Seth Fishman is at liberty on a $100,000.00 personal surety bond. In support of the bond, Dr. Fishman executed a confession of judgment collateralized by real property he owns. *See* ECF-7. Furthermore, as a condition of his release, he surrendered his U.S. Passport. As part of his conditions of release, Dr. Fishman is not permitted to travel outside of the U.S. Most, if not all, other defendants were released pre-trial on similar conditions.

Dr. Fishman is a U.S. citizen with no criminal history. Dr. Fishman has no significant assets outside of the United States, or family members in UAE or outside the U.S. which would enable him to flee. Instead, Dr. Fishman's family (his father, his mother, and his sister, and his nephews) live in New York and he has a sister who lives with her family in Newton, Massachusetts. Dr. Fishman does not plan to flee and abandon his family and his entire life in the United States because of the government's misbranding prosecution.

The purpose of his travel is straightforward. Dr. Fishman, at present, has no clients (veterinarians or trainers) or patients (camels or horses) in the United States and must travel to survive. Dr. Fishman occupies the role as Chief Research Officer with Presidential Camels, Sector

---

[1] The defense realizes that this is the second motion Dr. Fishman has filed and that Judge Parker previously rendered a decision. Nonetheless, such a request was denied before COVID and before Dr. Fishman had proposed conditions of pre-trial release for his travel which were significantly less onerous than those proposed herein. On October 13, 2020, the undersigned conferred with Assistant U.S. Attorneys Sarah Mortazavi and Andrew Adams and they oppose this Motion.

[2] The reason for the period of 21 days is that in the UAE he would be required to isolate and quarantine for 14 days. In a non-COVID world, the request would be 7-10 days.

Honorable Mary K. Vyskocil
October 15, 2020
Page 2

of Scientific Centers & Presidential Camels. In that role, Dr. Fishman has worked on research and involving zoonotic diseases[3] and African sleeping sickness and breeding. Prior to the Indictment, Dr. Fishman's veterinary practice focused primarily on servicing clients in the United Arab Emirates (UAE). Following the Indictment, Dr. Fishman's primary source of income has been the exportation of certain veterinary products to UAE.

Further, one purpose of Dr. Fishman's travel – which cannot be accomplished remotely – is to personally advise his UAE clients on how to manufacture nutritional supplements to enhance feed production for a variety of animals: camels, horses, chickens, and cows.

### PROPOSED CONDITIONS OF PRE-TRIAL RELEASE TO ACOMMODATE TRAVEL CONSTITUTE REASONABLE COMBINATION OF CONDITIONS TO SAFEGUARD AGAINST ANY FLIGHT RISK POSED BY DR. FISHMAN'S TRAVEL

As set forth below, to travel as requested, Dr. Fishman is willing to voluntarily agree to temporarily modify his conditions of release. Dr. Fishman is willing to pledge the total value of any real property he owns. His father is also willing to pledge more than $1M in real property to support Dr. Fishman's travel. Dr. Fishman will have a licensed private investigator and business advisor who has extensive experience in investigating international business, Dr. Fishman has signed an irrevocable waiver of extradition. Further, Dr. Fishman is willing to agree to any other reasonable combination of conditions that your Honor may order as part of this request for travel.

Dr. Seth Fishman has executed a confession of judgment in favor of the United States for the total value of his two Highland Beach, Florida properties in the amount of $2,000,000 which is a 2000% increase in the original amount included in the confession of judgment. *See* **Exhibit A.**[4] **Exhibit B** includes the 2020 Palm Beach County records from the Palm Beach County Property Appraiser which shows a total combined market value of more than $1.5 Million. Nonetheless, substantial improvements have been made to the 2575 property. Comparable adjacent

---

[3] A Review of Zoonotic Pathogens of Dromedary Camels, available at
https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7087575/pdf/10393_2019_Article_1413.pdf

[4] Dr. Fishman is filing redacted versions of **Exhibits A and C** via CM/ECF and is providing unredacted copies to the Court contemporaneous with this filing. Further, each confession of judgment was previously provided to pre-trial services to supplement Mr. Fishman's conditions of release. The confessions of judgment have no legal effect unless Dr. Fishman were to flee/abscond and operate essentially to collateralize Dr. Fishman's bond by an additional 3000% to $3M. This is the most onerous condition the undersigned can envision under the circumstances.

Honorable Mary K. Vyskocil
October 15, 2020
Page 3

properties in the building are valued at nearly $2M on Zillow but do not include substantially similar improvements or a deck of similar size or width.[5]

Robert Fishman has also executed a confession of judgment which would give the U.S. Government a judgment against a property he owns valued at $1.2 Million if Dr. Fishman were to flee. *See* **Exhibit C.**

Dr. Fishman has also executed an Irrevocable Waiver of Extradition. **Exhibit D.** At least two courts have recognized the viability of such a waiver. An Order from *United States v. Salomon Melgen,* 15-cr-80049-KAM (S.D. Fla) (Dkt.63) approving of an extradition waiver; and (3) Bond Conditions Minute Entry in *United States v. John H. Myers,* 19-cr-20739-JEM (S.D.Fla.) (Dkt. 8) included execution of a waiver of extradition as a condition precedent to obtaining a personal surety bond).

During Dr. Fishman's travel, Keith Freeman a licensed private investigator and international business consultant will accompany, advise, and return to the US with Dr. Fishman, Attached as **Exhibit E** is Mr. Freeman's CV.

Dr. Fishman would provide all necessary travel information to pre-trial services officer within 48 hours of any scheduled travel.

Dr. Fishman would be required to contact his pre-trial services officer every 72 hours to apprise her of his whereabouts.

Collectively, the above conditions represent the most stringent and onerous conditions of release the defense can envision for permitting any such travel. Dr. Fishman is agreeing to voluntarily increase the collateralization of his bond by ***3000%.*** *See* ECF-7. This is an extraordinary pledge to return to the U.S. and compelling evidence of the absence of any flight risk given that Dr. Fishman is willing to *voluntarily* agree to *more* onerous conditions, which, in the undersigned's experience, have not even been imposed in more egregious cases where risk of flight is high.[6]

---

[5] https://www.zillow.com/homedetails/2575-S-Ocean-Blvd-APT-103S-Highland-Beach-FL-33487/46795237_zpid/; *see also* https://www.zillow.com/homedetails/2575-S-Ocean-Blvd-APT-304S-Highland-Beach-FL-33487/46795260_zpid/

[6] The Government has alleged a conspiracy under 18 U.S.C. Section 371 to violate the felony misbranding provisions of the Food Drug and Cosmetic Act (FDCA). Defendants, in more egregious cases have been permitted to travel. In *United States v. Salomon Melgen,* 15-cr-80049-KMM (S.D. Fla. June 17, 2015) (ECF-59-1), Dr. Salomon Melgen, a doctor convicted of one of the largest health care frauds perpetrating by a single doctor against Medicare was permitted to travel to the Dominican Republican pending *trial* even though Dr. Melgen is a *citizen of* the Dominican Republican and owned an airplane. Dr. Fishman has no airplane and does not have dual citizenship. In other cases, alleging tax evasion, fraud, and drug trafficking defendants have

Honorable Mary K. Vyskocil
October 15, 2020
Page 4

      The proposed conditions for travel are even more extraordinary when you compare the limited pre-trial release conditions imposed on Dr. Fishman and every other defendant in this case to the extreme, draconian pre-trial conditions Dr. Fishman proposes in furtherance of his request for travel.

      Accordingly, Dr. Fishman requests that your Honor (i) grant this Motion to temporarily modify Dr. Fishman's conditions of release to permit Dr. Fishman to travel to the UAE; <u>and</u> (ii) order the U.S. Office of Probation to temporarily release Dr. Fishman's U.S. Passport to Keith Freeman for the period of Dr. Fishman's travel to permit such travel under the modified conditions of release proposed herein. Dr. Fishman's modified pre-trial conditions shall terminate upon his return to the Southern District of Florida and thereafter Dr. Fishman would remain on pre-trial release under the conditions set forth in his current bond (ECF-7)

Sincerely,

FELDMAN FIRM, PLLC

Andrew S. Feldman

**Attachments:**
Exhibits A-E.

---

been permitted to travel internationally while they were facing trial and in several of those cases the courts permitted similar protocols for international travel. *United States v. Veldora Arthur*, No. 10-CR-20753-SEITZ (S.D. Fla. 2010) (ECF-109 and ECF 141) (granting motion to travel to Bahamas and to Charlotte, NC and separate motion to travel to Niagara Falls, Canada for 2 weeks pending trial in multi-count fraud case); *United States vs. Wesley Snipes*, 06-CR-00022-WTH-GRJ (M.D. Fla. 2006) (ECF-520) (granting an opposed motion to travel to Namibia, Africa for 3.5 weeks and to London, England for 2.5 months for work purposes pending trial in a federal criminal tax case); *United States v. Martha Brimberg*, No. 13-CR-20570- WILLIAMS (S.D. Fla. 2013) (ECF-36) (permitting travel to Cuba for defendant pending sentencing on a possession with intent to distribute cocaine offense).