```
LCKsFISc
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                        20 CR 160 (MKV)

SETH FISHMAN,

        Defendant.

------------------------------x

                              New York, N.Y.
                              December 20, 2021
                              11:00 a.m.

Before:

              HON. MARY KAY VYSKOCIL,

                        District Judge

                  APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY:  ANDREW ADAMS
     SARAH MORTAZAVI
     Assistant United States Attorneys

SERCARZ & RIOPELLE, LLP
    Attorney for Defendant
BY:  MAURICE H. SERCARZ
     MARC FERNICH

1        (Case called)

2        THE DEPUTY CLERK:  Counsel for the government, please
3   state your name for the record.

4        MR. ADAMS:  Good morning, your Honor.

5        Andrew Adams for the United States.  And with me at
6   counsel table is AUSA Sara Mortazavi and special agent with the
7   FBI, Bruce Turpin.

8        THE COURT:  All right.  Good morning, Mr. Adams,
9   Ms. Mortazavi, Mr. Turpin.

10       MR. SERCARZ:  For Defendant Fishman, Maurice Sercarz,
11  S-e-r-c-a-r-z.  Seated at my left is Mr. Fishman, and seated at
12  end of the table is my colleague, Marc Fernich, F-e-r-n-i-c-h.

13       MR. FERNICH:  Good morning, your Honor.

14       THE COURT:  Good morning.

15       Good morning to our court reporter, Ms. Franko.
16  Thank you for being here.

17       We're here in connection with a letter the court
18  received from the government arguing that Dr. Fishman is in
19  violation of the terms of his bail and requesting that the
20  court hold a bail modification hearing.  That letter is dated
21  December 6.  I have a response from on behalf of Dr. Fishman
22  dated December 13, and a brief reply from the government
23  indicated December 17.

24       I have carefully reviewed everything that's been
25  submitted to me, but I will give you an opportunity to be

1      heard.
2              Mr. Adams, are you taking the lead today?
3              MR. ADAMS:  I am, your Honor.  Thank you.
4              THE COURT:  Thank you.
5              MR. ADAMS:  By way of somewhat of an update, on the
6      basis of a conversation with counsel, I believe the parties
7      have a proposal for the court.
8              THE COURT:  OK.  By the way, I should have noted for
9      the record, it is 11:11.  We were scheduled for 11 o'clock.
10     You were all conferring, is that what you're telling me?
11             MR. ADAMS:  That's correct, your Honor.  Thank you for
12     the patience.  We were talking.
13             THE COURT:  Not at all.  Always happy for people to
14     work things out if they can.
15             MR. ADAMS:  Thank you, Judge.  So here is my
16     understanding of where we are, and Mr. Sercarz can confirm
17     this.
18             First, with respect to the actual search and
19     photographing of the premises, I understand that there is no
20     challenge at this point to the introduction of the photographs
21     from that search and testimony about the search.
22             THE COURT:  Meaning the photographs you had in your
23     letter?
24             MR. ADAMS:  Correct.  And there are other photographs
25     that we have produced as Rule 16 for the trial.

1    THE COURT:  You're saying there is no objection to
2 their admission at the trial?
3    MR. ADAMS:  Correct.  That should not have been an
4 issue today with respect to the bail modification, but it was
5 an issue raised in the letters.
6    THE COURT:  Right.
7    MR. ADAMS:  Special Agent Jarrett Conconnon is on
8 hand, were a suppression hearing to be warranted today.  But in
9 any event, it sounds like that is moot, and there will be no
10 challenge on the basis of the search itself.
11    THE COURT:  OK.
12    MR. ADAMS:  If it's OK, I'll stop there just to make
13 sure we're on the same page with Mr. Sercarz.
14    THE COURT:  Mr. Sercarz.
15    MR. SERCARZ:  We're also good.
16    THE COURT:  So far so good is that what you said, sir?
17    MR. SERCARZ:  Yes.
18    THE COURT:  Thank you.
19    MR. ADAMS:  Thank you.
20    Turning to the bail modification and a proposal for
21 conditions going forward.  After conferring with Mr. Sercarz
22 over the weekend and this morning, it's the government's
23 understanding that the following will take place, and if it
24 takes place, then it would satisfy the government that there
25 are conditions that will keep Mr. Fishman from further

1    violating the laws.

2            The first is that within a two-week period, the drugs

3    and substances that are currently at the premises that were

4    searched, that is unit 723 in Boca Raton Boulevard in Boca

5    Raton, Florida, will be provided to the FBI or the FDA for

6    purposes of destruction.

7            It's the government's intent to destroy those, those

8    substances.  They wouldn't be available, if things go according

9    to plan and timeline, it wouldn't be available for use at trial

10   in their physical form.

11           THE COURT:  Because it couldn't be tested in time?

12           MR. ADAMS:  We're not bothering with testing these

13   formulations.  These are to be produced and destroyed.  The

14   photographs, on the other hand, are the evidence that we would

15   seek to introduce at trial.

16           In addition to that production and destruction,

17   neither Mr. Fishman nor Ms. Fox would have any access to that

18   unit between --

19           THE COURT:  I'm sorry to interrupt.  Who is Ms. Fox?

20           MR. ADAMS:  Sure.  Ms. Fox is an administrative

21   assistant.

22           THE COURT:  Referenced?

23           MR. ADAMS:  That's right.  My understanding is that

24   she is the sole employee, in addition to Mr. Fishman --

25           THE COURT:  OK.

1  MR. ADAMS: -- of the entity. They would both be
2  excluded from the premises until such time as the drugs and
3  substances therein have been provided to the government for
4  purposes of destruction.
5  Going forward, there shall be no further manufacture,
6  no further distribution of any substances, notwithstanding any
7  view of the export exemption that Mr. Fishman may subjectively
8  hold.
9  THE COURT: OK. Is that it?
10  MR. ADAMS: That's it, your Honor.
11  THE COURT: Mr. Sercarz.
12  MR. SERCARZ: Your Honor, the defense consents to
13  resolving the issue on that basis. Just two understandings
14  that I have that I believe are implicit in this resolution.
15  I would understand that, under these circumstances,
16  the government is withdrawing any application they have based
17  on the current facts to revoke or modify the defendant's bail
18  conditions, apart from the condition that he cease from
19  distributing any substances.
20  THE COURT: Manufacturing or distributing I heard.
21  MR. SERCARZ: Manufacturing, distributing,
22  administering, yes, your Honor.
23  The other understanding I have is that the defendant
24  has made no admission regarding the legality of any of the
25  items that he is turning over to the government to be

1     destroyed.
2                THE COURT:  Is that it?  I'll hear from Mr. Adams, if
3     you've concluded.
4                MR. ADAMS:  Yes.
5                THE COURT:  No.  Are you concluded, Mr. Sercarz?
6                MR. SERCARZ:  Yes, thank you.
7                THE COURT:  He's still standing.
8                MR. SERCARZ:  I apologize.
9                THE COURT:  All right.  Mr. Adams, go ahead.
10               MR. ADAMS:  Yes, your Honor.  I can confirm both of
11    those understandings.
12               THE COURT:  I have a question.  Can you repeat the
13    final condition, that there will be no further manufacture,
14    distribution, administration, correct?
15               MR. ADAMS:  Correct.
16               THE COURT:  Of?
17               MR. ADAMS:  Of any substance, of any drug by
18    Dr. Fishman, or any entity that he controls.
19               THE COURT:  That's my question.  Any drug?
20               MR. ADAMS:  Any drug, any substance.
21               THE COURT:  Any substance.
22               Mr. Sercarz?
23               MR. SERCARZ:  Understood, your Honor.
24               THE COURT:  That you are in agreement?
25               MR. SERCARZ:  Yes.  If a situation were to arise that

1  we found that all questionable, I would go to the government
2  before my client would engage in any behavior that is
3  potentially violative of the order.
4        May I have a moment?
5        THE COURT:  Yes.  Speak to your client, please.
6        (Counsel confers with defendant)
7        MR. SERCARZ:  Your Honor, there is one concern that we
8  do have.
9        THE COURT:  Are we finished with this other point and
10 there is a separate concern or related?
11       MR. SERCARZ:  Same concern.
12       May I have one moment?
13       THE COURT:  Sure.
14       (Counsel confers with defendant)
15       MR. SERCARZ:  Your Honor, the court is aware that my
16 client has had his thyroid removed and has been diagnosed with
17 thyroid cancer.
18       THE COURT:  I hadn't recalled that, actually.
19       MR. SERCARZ:  The defendant has been taking
20 supplements in connection with his thyroid cancer.  These are
21 substances that he creates and administers to himself.  I
22 would like for there to be some way in which the government is
23 satisfied that these are not being used for any purpose
24 relating to his career as a veterinarian or a distributor of
25 substances for animal use, but that he is permitted to

1   continue, in effect, contributing to his own treatment.
2          Apparently, the doctors at Sloan Kettering are very
3   pleased with his current ability to help them beat back the
4   cancer and would like for him to be able to continue doing what
5   he's doing.  I don't want that to run afoul of the regime that
6   we're setting up right now to monitor his behavior.
7          THE COURT:  It's appropriate that you raise this,
8   because I am trying to make sure the record is crystal clear
9   what Dr. Fishman is agreeing to, and he's agreeing not to
10  produce any drugs.  And drug is defined in the statute as any
11  material other than food intended to affect the structure or
12  any function of the body of man or other animals.  He's also
13  agreeing not to produce any substance.
14         So I understand you're asking for an exception from
15  that --
16         MR. SERCARZ:  Correct.
17         THE COURT:  In connection with the substances
18  Dr. Fishman is creating and administering to himself?
19         Have you discussed this with Mr. Adams?  Mr. Sercarz,
20  have you discussed it?
21         MR. SERCARZ:  I have not.  My client just brought it
22  to my attention, thankfully.
23         THE COURT: OK.  All right.  Mr. Adams, do you need
24  time?
25         MR. ADAMS:  If I can just have one moment.  Thank you.

1                THE COURT:  Sure.
2                If you want to step out, it's fine.  Whatever you want
3     to do.
4                (Counsel confer).
5                MR. ADAMS:  Thank you, your Honor.
6                If we can just have one more moment?
7                THE COURT:  Sure.
8                (Pause)
9                MR. SERCARZ:  Your Honor, if we may?
10               THE COURT:  Yes.
11               MR. SERCARZ:  I think the agreement is that my client
12    will state on the record the substances that he has been using
13    to assist in his own treatment, and if the government is
14    satisfied that, this is not a subterfuge for allowing him to
15    retain animal medicine.  There will be a carve-out.
16               THE COURT:  Is that the agreement, Mr. Adams?
17               MR. ADAMS:  That's correct, your Honor.
18               THE COURT:  All right.  Dr. Fishman.
19               THE DEFENDANT:  Your Honor, currently I take curcumin,
20    I use bioengineered curcumin.  It can be from several brands.
21    I would not like to promote the brands.  They are pertinent.
22               I also take various forms of as well liquid acids.
23    Again, I would --
24               THE COURT:  Do you wish to have him spell these ideas?
25               THE REPORTER:  Yes.

1            THE COURT:  Dr. Fishman, if you can speak into the
2    microphone and ease for the court reporter to hear you.
3            Thank you.
4            THE DEFENDANT:  T-u-m-e-r-i-c.
5            THE COURT:  Is that what you said?
6            THE DEFENDANT:  It's correct.  Well, instead of
7    curcumin.
8            THE COURT:  You said it.  She's needs to write what
9    you said.
10           THE DEFENDANT:  C-u-r-c-u-m-i-n.
11           THE COURT:  The second.
12           THE DEFENDANT:  Boswellic acid, b-o-s-w-e-l-l-i-c.
13   That's it.  I also take various forms of immunostimulants in
14   the form of beta-glucans, b-e-t-a g-l-u-c-a-n-s, as well as
15   that, I take various forms of hyaluronic acid, known as HA.  HA
16   acid.  Additional to that, I take various citrus-derived
17   bioflavonoids, b-i-o-f-l-a-v-o-n-o-i-d-s, as well as various
18   concentrated fruit extracts.  All of the other ingredients I
19   can forego.
20           THE COURT:  Is that acceptable to the government?
21           MR. ADAMS:  Your Honor, if I can have just one moment?
22   I'm looking on the list.
23           THE COURT:  Sure.
24           I'm going to propose, in any event, assuming you reach
25   an agreement, that you discuss some mechanism for the

government and pretrial services to enforce the term that you talked to me about of no access to the facility, and that there is some way to be sure that these substances are used only for Dr. Fishman and not somehow used to make anything in connection with drugs that are going to be sold or distributed or administered elsewhere.

Is that acceptable, Mr. Sercarz?

MR. SERCARZ: Yes, your Honor.

You just used the words no access to the facility?

THE COURT: Yes.

MR. SERCARZ: My client has this unit that was the object of the search.

THE COURT: Right. As I understood, the agreement was for the two weeks until everything is turned over, neither he nor the other employee will have access.

MR. SERCARZ: For a two-week period?

THE COURT: That's my understanding of what you said, correct?

MR. SERCARZ: Yes, your Honor. Yes, your Honor. Yes.

THE COURT: But in the meantime, there needs to be monitoring to ensure that that's complied with. And even once the two-week period has passed and everything is turned over, there needs to be some mechanism, assuming these substances are stipulated to by the government, there needs to be some mechanism to be sure they are being used only for Dr. Fishman.

|   |   |
|---|---|
| 1 | MR. SERCARZ:  Yes, your Honor. |
| 2 | MR. ADAMS:  Your Honor, on the point that you just |
| 3 | made, I would just note for the record: |
| 4 | One, the government will be in touch with pretrial |
| 5 | services today, assuming that we get to an agreement. |
| 6 | Two, that the government has been previously and will |
| 7 | continue to be in contact with the landlord for these premises, |
| 8 | just so Dr. Fishman is aware of that |
| 9 | MR. SERCARZ:  I'm sorry.  I couldn't hear the last |
| 10 | thing you said, Mr. Adams.  I apologize. |
| 11 | MR. ADAMS:  That the government will be and has been |
| 12 | in touch with the landlord for the premises. |
| 13 | MR. SERCARZ:  Thank you. |
| 14 | MR. ADAMS:  Just so that Dr. Fishman is aware of that. |
| 15 | Of course, he's obviously, from this series of events, aware |
| 16 | that the government has not done investigating of Dr. Fishman's |
| 17 | activities. |
| 18 | THE COURT:  Understood, Mr. Sercarz? |
| 19 | MR. SERCARZ:  Understood, your Honor. |
| 20 | THE COURT:  All right.  Thank you. |
| 21 | MR. ADAMS:  Then, finally, with respect to the |
| 22 | substances just mentioned a moment ago.  With respect to the |
| 23 | hyaluronic acid, the government would need to have some sort of |
| 24 | proffer on the volume being produced and the location of its |
| 25 | manufacture to get comfortable with that. |

1           THE COURT:  Are you able to answer now, or is this
2    something --
3           (Counsel confers with defendant)
4           The volume and the --
5           THE DEFENDANT:  Are you talking of the volume of how
6    much material I have, or the volume I personally take for
7    myself?
8           MR. ADAMS:  The former.  And if it is something that
9    Dr. Fishman or his company is producing, the volume that he is
10   producing.
11          THE DEFENDANT:  I take 10 mgs per ML.  I usually take
12   between 60 and 90 MLs.  The source of it is from a company
13   called Infinity, which is in California.  It's a low molecular
14   weight.  It is supposed to be around 15 daltons.  I'm not sure
15   if that is correct.  And I also take a medium and a high
16   weight, which one would be around 500 daltons, and the other
17   one is a million plus daltons.
18          MR. ADAMS:  Thank you, your Honor.
19          With that carve-out for those substances and for the
20   purpose of self-treatment, the government is OK with the terms
21   as produced.
22          THE COURT:  All right.  Is there anything further
23   then, Mr. Sercarz?  On your end.
24          MR. SERCARZ:  I don't believe so, your Honor.  Not for
25   today.

1           THE COURT:  Mr. Adams?

2           MR. ADAMS:  Nothing here, your Honor.

3           THE COURT:  All right.  I would like that to be

4    memorialized then.  I'm going to so order the transcript of

5    today's proceeding, that that will be an additional condition,

6    Dr. Fishman, of your bail.  All other conditions of your bail

7    remain in effect, including the condition that you need to

8    abide by and not violate any laws.

9           As I understand it, the FDCA requires that any

10   facility that is manufacturing drugs needs to be registered.

11   So if you would all get together and memorialize this in a

12   proposed order so that pretrial services has something in

13   writing to know what it is that they are supposed to be

14   monitoring, I would appreciate that.

15          MR. ADAMS:  We will do that, your Honor.

16          THE COURT:  All right.  If there is nothing further

17   then, we are adjourned.

18          I thank our court reporter for being with us today.

19          MR. SERCARZ:  Thank you very much, your Honor.

20          THE COURT:  Thank you, happy holidays, Merry Christmas

21   to everyone.

22          MR. ADAMS:  Thank you, your Honor.

23          MR. SERCARZ:  Thank you.

24          (Adjourned)

25