UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

USA

-v.-                                                              S6 20 Cr. 160 (MKV)

SETH FISHMAN

-------------------------------------------------------------x

# SUPPLEMENTAL DEFENSE REQUESTS TO CHARGE

**MAURICE SERCARZ, ESQ.**
**MARC FERNICH, ESQ.**

*Counsel for Dr. Seth Fishman*

# REQUEST NO. 1

The federal law Dr. Fishman is charged with conspiring to violate, the Food Drug and Cosmetic Act (FDCA), does not purport to regulate the practice of veterinary medicine. That function rests exclusively with state and professional licensing authorities. Dr. Fishman, a licensed veterinarian, contends he carried on the activity alleged in the indictment believing in good faith that he was engaged in the practice of veterinary medicine. If the government fails to prove beyond a reasonable doubt that Dr. Fishman lacked such a good faith belief, then you must find him not guilty as charged. This is true even if Dr. Fishman's belief was mistaken, so long as it was honestly held.

> **AUTHORITY**: U.S. Const. Art. I Sec. 8, amends. I, V, X; 21 U.S.C. §§ 331, 333(a); Food and Drug Administration – Center for Veterinary Medicine website, "What CVM Does Not Regulate (Common Misconceptions)," https://www.fda.gov/about-fda/fda-organization/center-veterinary-medicine#not (as visited Jan. 26, 2022); *Rojas v. U.S.*, No. 20-1594, __ S. Ct. __, 2021 WL 5043559 (Nov. 1, 2021); Petition for Writ of Certiorari in *Rojas* (filed May 13, 2021), https://www.supremecourt.gov/DocketPDF/20/20-1594/179079/20210513121353427_2021-5-13%20Rojas%20cert%20petition.pdfhttps://www.supremecourt.gov/DocketPDF/20/20-1594/179079/20210513121353427_2021-5-13%20Rojas%20cert%20petition.pdf (as visited

Jan. 26, 2022); *U.S. v. Lopez*, 514 U.S. 549, 567-68 (1998) (Congress lacks general police power reserved to the States); *Smith v. U.S.*, 568 U.S. 106, 110 (2013) (state may not shift to defendant burden to prove affirmative defense that negates offense element); Sand *et al.*, 2 *Modern Federal Jury Instructions-Criminal*, ¶ 44.01, Instr. 44-5; *U.S. v. Rowland,* 826 F.3d 100, 115 (CA2 2016) (accused entitled to instructions on any defense theory with record support, no matter how weak or incredible).

## **REQUEST NO. 2**

The FDCA does not purport to regulate the competitive integrity of horse races. And Dr. Fishman is not charged with violating, or conspiring to violate, state or local racing rules. If you find that Dr. Fishman intended only to conceal from authorities, for purposes of competitive advantage, the presence of performance enhancing drugs in racehorses, you must acquit him of the felonies charged in the indictment.

> **AUTHORITY**: U.S. Const. amends. V, X; 21 U.S.C. §§ 331, 333(a); *Lopez*, 514 U.S. at 567-68; *Rowland,* 826 F.3d at 115.

## **REQUEST NO. 3**

You may not convict Dr. Fishman of the felonies charged in the indictment unless the government proves beyond a reasonable doubt that he intended to defraud or mislead authorities or purchasers in connection with disseminating in interstate commerce, or causing to be so disseminated, adulterated or misbranded drugs as I have previously defined those terms.

> **AUTHORITY**: U.S. Const. Art. I Sec. 8, amends. I, V, X; 21 U.S.C. §§ 331, 333(a); *Rowland*, 826 F.3d at 115; *cf.*, *e.g.*, *Marinello v. U.S.*, 138 S. Ct. 1101, 1109-10 (2018); *Arthur Andersen LLP v. U.S.*, 544 U.S. 696, 707-08 (2005); *U.S. v. Aguilar*, 515 U.S. 593, 599-600 (1995); *U.S. v. Schwarz*, 283 F.3d 76, 107-110 (CA2 2002); *see generally*, *e.g.*, *Lopez*, 514 U.S. at 567-68; *U.S. v. Valle*, 807 F.3d 508, 527 (CA2 2015) (noting ancient rule that penal laws are strictly construed); *Yates v. U.S.*, 574 U.S. 528, 547-48 (2015); *Skilling v. U.S.*, 561 U.S. 358, 410-11 (2010); *Bond v. U.S.*, 572 U.S. 844, 857 (2014); *U.S. v. Bass*, 404 U.S. 336, 349 (1971).

## **REQUEST NO. 4**

Under the FDCA, a person who commits or conspires to commit a prohibited act with intent to defraud or mislead is guilty of a felony. By contrast, a person who commits or conspires to commit such a prohibited act without intent to defraud or mislead is guilty of a misdemeanor.

If you unanimously find Dr. Fishman not guilty of the conspiracies charged in either or both of counts One and Two – or, if after all reasonable efforts you cannot agree on a verdict as to one or both of those counts – then you must determine whether Dr. Fishman is guilty or not guilty of conspiring to violate 21 U.S.C. § 331(a) without intent to defraud or mislead.

To repeat, the difference is that the latter, unlike the conspiracies as charged in the indictment, does not require proof of intent to defraud or mislead. That is an element of the greater offenses, but not the lesser included ones.

I have previously explained the elements the government must prove beyond a reasonable doubt to convict on the conspiracies charged in counts One and Two. You should apply those instructions in

considering the lesser included misdemeanor conspiracies, except that the government need not prove intent to defraud or mislead.

If you are convinced the government has proved all the necessary elements – again, intent to defraud or mislead aside – beyond a reasonable doubt, you may find Dr. Fishman guilty of the lesser included offense you are considering. On the other hand, if you have a reasonable doubt about any of those elements, then you must find Dr. Fishman not guilty of the lesser included offense you are considering.

> **AUTHORITY**: Jury charges in *U.S. v. Rojas*, No. 15 CR 169 SHR, trial transcript at 1461-62 (M.D. Pa. Jun. 30, 2017) (ECF 202 filed Jun. 26, 2019) and *U.S. v. Sloan*, No. 13 40025 02/03 JAR, Instr. 29 (D. Kan. Sept. 23, 2014) (ECF 144 filed Sept. 25, 2014); *Rowland,* 826 F.3d at 115.

...

Respectfully submitted,

By: _____
**MARC FERNICH, ESQ.**
**MAURICE SERCARZ, ESQ.**

*Counsel for Dr. Seth Fishman*

Jan. \_\_, 2022