UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                           :

UNITED STATES OF AMERICA       :        S6 20 Cr. 160 (MKV)

                                          :

            -v.-                :

                                          :

SETH FISHMAN,               :

                                          :

                                          :

                       Defendant.     :

                                          :

------------------------------------------------------------x


## THE GOVERNMENT'S REQUESTS TO CHARGE


                                     DAMIAN WILLIAMS
                                      United States Attorney
                                      Southern District of New York


Andrew C. Adams
Anden Chow
Sarah Mortazavi
Assistant United States Attorneys
    *Of Counsel*

# **TABLE OF CONTENTS**

**REQUEST NO. 1. Function of Court and Jury**......................................................1

**REQUEST NO. 2. The Government as a Party**.................................................4

**REQUEST NO. 3. Presumption of Innocence and Burden of Proof**..................5

**REQUEST NO. 4. Reasonable Doubt**...............................................................6

**REQUEST NO. 5. Summary of the Indictment**................................................7

**REQUEST NO. 6. Multiple Counts (Seth Fishman Only)**................................9

**REQUEST NO. 7. Conspiracy to Commit Drug Misbranding and Drug Adulteration (Counts One and Two)**..........................................................10

**REQUEST NO. 8. Elements of the Offenses (Counts One and Two)**.............14

**REQUEST NO. 9. Existence of the Conspiracy (First Element) (Counts One and Two)**...................................................................................................15

**REQUEST NO. 10. Objects of the Conspiracies**............................................20

**REQUEST NO. 11. Intent to Defraud or Mislead (Objects One through Four) (Counts One and Two)**..........................................................................27

**REQUEST NO. 12. Membership in the Charged Conspiracies (Second Element) (Counts One and Two)**.............................................................29

**REQUEST NO. 13. Overt Act (Third Element) (Counts One and Two)**.........33

**REQUEST NO. 14. Lesser Included Offense**..................................................35

**REQUEST NO. 15. Offense Committed While Released on Bail (Count Two Only)**.........................................................................................................36

**REQUEST NO. 16. Conscious Avoidance (Counts One and Two)**..................37

**[If Applicable]**...............................................................................................37

**REQUEST NO. 17. Liability for Acts and Declarations of Co-Conspirators (Counts One and Two)**..........................................................................39

**REQUEST NO. 18. Time of the Conspiracies (Counts One and Two)**............40

**REQUEST NO. 19. Variance in Dates (Counts One and Two)**........................41

**REQUEST NO. 20. Venue (Counts One and Two)**..........................................42

**REQUEST NO. 21. Direct and Circumstantial Evidence**................................43

**REQUEST NO. 22. Inferences**........................................................................44

**REQUEST NO. 23. Stipulations** ..................................................**45**

**REQUEST NO. 24. Witness Credibility** ......................................**46**

**REQUEST NO. 25. Law Enforcement and Government Employee Witnesses** ..............................................................................**48**

**REQUEST NO. 26. Testimony of Experts** ..................................**49**

**REQUEST NO. 27. Preparation of Witnesses** ...........................**51**

**REQUEST NO. 28. Persons Not on Trial** ...................................**52**

**REQUEST NO. 29. Testimony of Cooperating and Non-Prosecuted Witnesses** ...................................................................**53**

**REQUEST NO. 30. Immunity of Government Witness** ................**56**

**REQUEST NO. 31. Use of Evidence Obtained in Searches** ........**57**

**REQUEST NO. 32. Statements of a Defendant** ...........................**58**

**REQUEST NO. 33. Defendant's Right Not to Testify** ................**59**

**REQUEST NO. 34. Recordings and Transcripts** ........................**60**

**REQUEST NO. 35. Redaction of Evidentiary Items** ..................**61**

**REQUEST NO. 36. False Exculpatory Statements** .....................**62**

**REQUEST NO. 37. Right To See Exhibits and Hear Testimony; Communications with Court** ....................................................**63**

**REQUEST NO. 38. Note-Taking by Jury** ...................................**64**

**REQUEST NO. 39. Sympathy** ......................................................**65**

**REQUEST NO. 40. Punishment** ...................................................**66**

**REQUEST NO. 41. Conclusion** ....................................................**67**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | S6 20 Cr. 160 (MKV) |
|  | : |  |
| -v.- | : |  |
|  | : |  |
| SETH FISHMAN, | : |  |
|  | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

------------------------------------------------------------x

## <u>THE GOVERNMENT'S REQUEST TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## REQUEST NO. 1.
## Function of Court and Jury

*Role of the Court*

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

*Role of the Jury*

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

1

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.  Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it–and the exhibits that were received in evidence.  You may also consider the stipulations of the parties as evidence and the exhibits received pursuant to those stipulations, including the audio recordings, photographs and physical evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I interacted with certain witnesses. Anything I said was only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

2

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

Sand, *Modern Federal Jury Instructions*, Instr. 2-2; 2-3.

## **REQUEST NO. 2.**

## **The Government as a Party**

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Sand, *Modern Federal Jury Instructions*, Instr. 2-5.

4

### REQUEST NO. 3.

### Presumption of Innocence and Burden of Proof

The defendant has pleaded not guilty to the charges in the indictment. To convict the defendant, the burden is on the prosecution to prove the defendant's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, the defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven that the defendant is guilty of a given charge beyond a reasonable doubt.

Sand, *Modern Federal Jury Instructions*, Instr. 4-1.

## **REQUEST NO. 4.**

### **Reasonable Doubt**

Since, in order to convict the defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge, you must find that defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge, you should find the defendant guilty of that charge.

Sand, *Modern Federal Jury Instructions*, Instr. 4-2.

## REQUEST NO. 5.

### Summary of the Indictment

The defendant, SETH FISHMAN, is formally charged by a grand jury in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The defendant is not charged with committing any crime other than the offenses in the Indictment.

The Indictment in this case contains multiple charges, known as "counts."  Each count charges a separate offense or crime.  Although there are facts in common to different counts, each count must be considered separately.  Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One of the Indictment charges that from at least in or about 2016 through at least in or about March 2020, SETH FISHMAN, the defendant, conspired with others—that is, agreed with others—to violate the federal criminal law prohibiting what is known as drug adulteration or misbranding with the intent to defraud or mislead. Specifically, FISHMAN is charged with agreeing with others to introduce misbranded or adulterated drugs into interstate commerce, to misbrand or adulterate drugs in interstate commerce, receive in interstate commerce misbranded or adulterated drugs, or to take any act with respect to a drug while held for sale after shipment in interstate commerce, with the intent to defraud or mislead.

Count Two of the Indictment charges that from at least in or about 2002 through at least in or about March 2020, SETH FISHMAN, the defendant, conspired with others—that is, agreed with each other and with others—to violate the federal criminal law prohibiting what is known as drug adulteration or misbranding. Specifically, FISHMAN is charged with agreeing with others to introduce misbranded or adulterated drugs into interstate commerce, to misbrand or adulterate

drugs in interstate commerce, or to receive in interstate commerce misbranded or adulterated drugs, with the intent to defraud or mislead.

In a moment, I will instruct you on the law that you must apply when considering each of Count One and Count Two. Much of the law that applies to Count One will also apply to Count Two, and I will note where the law is applicable to each Count. In the few instances where there is a difference between the laws applicable to each count, I will note that for you and provide specific instructions for those particular elements or findings.

## **REQUEST NO. 6.**

## **Multiple Counts (Seth Fishman Only)**

As I just indicated, for purposes of your determination, the Indictment contains two counts charging FISHMAN. Each of these counts constitutes a separate offense or crime as to FISHMAN. You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which FISHMAN is charged. Whether you find FISHMAN guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-6; *see United States v. Sanzo*, 673 F.2d 64 (2d Cir. 1982).

9

### REQUEST NO. 7.

### Conspiracy to Commit Drug Misbranding and Drug Adulteration (Counts One and Two)

As I stated, SETH FISHMAN, the defendant, is accused in Count One of having been a member of a conspiracy to violate the federal laws prohibiting what is known as drug misbranding or drug adulteration between at least in or about 2016 through at least in or about March 2020.

Count One reads in part as follows:

From at least in or about 2016 through at least in or about March 2020, in the Southern District of New York and elsewhere, SETH FISHMAN, the defendant, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 21, United States Code, Sections 331 and 333(a)(2).

It was a part and an object of the conspiracy that SETH FISHMAN, the defendant, together with others known and unknown, with the intent to defraud and mislead, would and did introduce and deliver for introduction, and would and did cause the introduction and delivery for introduction, into interstate commerce, adulterated and misbranded drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

It was further a part and an object of the conspiracy that SETH FISHMAN, the defendant, together with others known and unknown, with the intent to defraud and mislead, in interstate commerce, willfully and knowingly would and did adulterate and misbrand drugs, and would and did cause the adulteration and misbranding of drugs in interstate commerce, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, in violation of 21 U.S.C. §§ 331(b) and 333(a)(2).

It was further a part and an object of the conspiracy that SETH FISHMAN, the defendant, together with others known and unknown, with the intent to defraud and mislead, would and did receive in interstate commerce adulterated and misbranded drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, and deliver and proffer delivery thereof for pay and otherwise, and would and did cause the receipt in interstate commerce of adulterated and misbranded drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b,

10

and cause the delivery and proffered delivery thereof for pay and otherwise, in violation of 21 U.S.C. §§ 331(c) and 333(a)(2).

It was further a part and an object of the conspiracy that SETH FISHMAN, the defendant, together with others known and unknown, with the intent to defraud and mislead, would and did alter, mutilate, destroy, obliterate, or remove the whole or any part of the labeling of, and did any other act with respect to, a food, drug, device, tobacco product, or cosmetic, while such article was held for sale (whether or not the first sale) after shipment in interstate commerce that results in such article being adulterated or misbranded, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, in violation of 21 U.S.C. §§ 331(k) and 333(a)(2).

SETH FISHMAN is also charged in Count Two with conspiracy to violate the drug misbranding and drug adulteration laws. As to Count Two, FISHMAN is charged with agreeing with others from at least in or about 2002 through at least in or about March 2020 to introduce misbranded or adulterated drugs into interstate commerce, to misbrand or adulterate drugs in interstate commerce, or to receive in interstate commerce misbranded or adulterated drugs, all with the intent to defraud or mislead.

Count Two reads in part as follows:

From at least in or about 2002 through at least in or about March 2020, in the Southern District of New York and elsewhere, SETH FISHMAN, the defendant, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 21, United States Code, Sections 331 and 333(a)(2), including while FISHMAN was released under conditions of bail imposed pursuant to Title 18, United States Code, Chapter 207.

It was a part and an object of the conspiracy that SETH FISHMAN, the defendant, together with others known and unknown, with the intent to defraud and mislead, would and did introduce and deliver for introduction, and would and did cause the introduction and delivery for introduction, into interstate commerce, adulterated and misbranded drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

11

It was further a part and an object of the conspiracy that SETH FISHMAN, the defendant, together with others known and unknown, with the intent to defraud and mislead, in interstate commerce, would and did adulterate and misbrand drugs, and would and did cause the adulteration and misbranding of drugs, in interstate commerce, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, in violation of 21 U.S.C. §§ 331(b) and 333(a)(2).

It was further a part and an object of the conspiracy that SETH FISHMAN, the defendant, together with others known and unknown, with the intent to defraud and mislead, would and did receive in interstate commerce adulterated and misbranded drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, and deliver and proffer delivery thereof for pay and otherwise, and would and did cause the receipt in interstate commerce of adulterated and misbranded drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, and cause the delivery and proffered delivery thereof for pay and otherwise, in violation of 21 U.S.C. §§ 331(c) and 333(a)(2).

A conspiracy, as charged in both Count One and Count Two, is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal law, which the law refers to as a "substantive crime." The crime of conspiracy is complete once the unlawful agreement is made, the defendant enters into it and an overt act occurs.

If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime. Indeed, you may find the defendant guilty of conspiracy to commit an offense even though the substantive crime or crimes which were the object of the conspiracy were not actually committed, were not successful, or were impossible to achieve.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful or could not have been successful. This is because

12

collective criminal activity is believed to pose a greater threat to the public's safety and welfare

than individual conduct, and increases the likelihood of success of a particular criminal venture.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instructions ("Instrs.") 19-19-2. *See United States* v. *Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if collaborators do not reach their goal."); *United States* v. *Tejada*, 956 F.2d 1256, 1264 (2d Cir. 1992) (quoting *Labat*); *United States* v. *Williams*, 553 U.S. 285, 300 (2008) ("As with other inchoate crimes—attempt and conspiracy, for example—impossibility of completing the crime because the facts were not as the defendant believed is not a defense."); *United States* v. *Trapilo*, 130 F.3d 547, 552 n.9 (2d Cir. 1997) ("Where . . . an indictment alleges conspiracy, legal affords a conspirator no defense."); Sand, *Modern Federal Jury Instructions*, Instr. 19-10.1 ("It is not a defense to a conspiracy charge that the object of the could not be achieved because of circumstances that the conspirators did not know about. Thus, you may find the defendants guilty of conspiracy even though it was impossible for them to carry out their plan successfully.").

13

## REQUEST NO. 8.

### Elements of the Offenses (Counts One and Two)

To sustain its burden of proof with respect to each of the charged conspiracies, the Government must establish beyond a reasonable doubt the following three elements:

First, the existence of the conspiracy charged in each count, that is, an agreement or understanding to violate one or more laws of the United States;

Second, that the defendant knowingly and willfully became a member of the conspiracy you are considering; and

Third, that any one of the conspirators – not necessarily Fishman, but any of one of the parties involved in each conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy that you are considering during the life of that conspiracy.

Now let us separately consider the elements that constitute the objects of each conspiracy.

Adapted from the charge of the Honorable Leonard B. Sand in *United States* v. 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand, *Modern Federal Jury Instructions*, Instr. 19-3; *see also United States* v. *Maldonado-Rivera*, 922 F.2d 961-62 (2d Cir. 1990) (setting forth three elements of conspiracy as noted above).

14

### REQUEST NO. 9.

### Existence of the Conspiracy (First Element) (Counts One and Two)

Starting with the first element, a conspiracy is a combination or agreement or understanding of two or more people to accomplish by concerted or collective action a criminal or unlawful purpose.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the criminal act which is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

The conspiracies alleged here in Counts One and Two, therefore, are agreements to engage in certain kinds of acts that the law refers to as "misbranding" or "adulteration" whether or not those acts actually occurred.

The conspiracy alleged in Count One and that alleged in Count Two, therefore is the agreement to commit each of those charged crimes.  Each charged conspiracy is an entirely separate and distinct offense from the underlying offenses, which the law calls a "substantive crime."  The crime of conspiracy is complete once the unlawful agreement is made and the defendant enters into it.

To prove a conspiracy, the Government is not required to show that individuals sat around a table and entered into a solemn pact, orally or in writing, or any express or formal agreement stating that they have formed a conspiracy to violate the law. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

15

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, a great deal is left to unexpressed understanding. From its very nature, a conspiracy is almost invariably secret in its origin and execution. Conspirators do not usually reduce their agreements to writing or acknowledge them in front of a notary public; nor do they normally publicly broadcast their plans. Thus you may infer the existence of a conspiracy from the circumstances of the case and conduct of the parties involved.

To show that a conspiracy existed, then, it is sufficient if the evidence shows that two or more persons in some way or manner through any contrivance, explicitly or implicitly, came to an understanding to violate the law and to establish an unlawful plan. Express language or specific words are not required to indicate assent or attachment to a conspiracy. You may find the existence of an agreement to commit an unlawful act has been established by direct proof, but it is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. From its very nature, a conspiracy is almost invariably secret in its origin and execution.

In determining whether there has been an unlawful agreement, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose. The adage "actions speak louder than words" is applicable here. Often, the only evidence available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken together and considered as a whole, however, those acts are capable of showing a conspiracy or agreement as conclusively as would more direct proof.

16

Of course, proof concerning the accomplishment of the object of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In deciding whether each alleged conspiracy in fact existed, you may consider all the evidence of the acts, conduct, and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of each conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators in each conspiracy met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in the Indictment.

In short, as far as the first element of each conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

## **<u>Objects of the Conspiracies</u>**

The object or objects of a conspiracy is the illegal goal or goals that the co-conspirators agree or hope to achieve.  The  Indictment here charges that the conspiracy alleged in Count One had four such objects (Objects One through Four as I will read them in a moment), whereas the conspiracy charged in Count Two had three objects (Objects One through Three, only).   The objects are:

**Object One (Counts One and Two)**: the introduction of misbranded and adulterated drugs into interstate commerce;

17

**Object Two (Counts One and Two)**: the misbranding or adulteration of drugs while they were held for sale after they traveled in interstate commerce;

**Object Three (Counts One and Two)**: the receipt of misbranded or adulterated drugs shipped in interstate commerce; and

**Object Four (Count One only)**: taking any action to adulterate or misbrand a drug. As for both Count One and Count Two, and for each object alleged in each Count, the Indictment further alleges that the objects were undertaken with the intent to defraud or mislead. I will define the elements of these criminal objects in a moment.

Although the Indictment alleges as to Count One that the conspiracy had these four objects, or goals, the government does not need prove that the conspiracy had all four objectives in order for you to find the conspiracy existed, that is, to find that the government has proven the existence of the charged conspiracy, you do not need to find that there was a conspiracy to do all four of these things. Similarly, the government does not need prove that the conspiracy alleged in Count Two had all three charged objects in order for you to find that conspiracy existed; to find that the government has proven the existence of the conspiracy charged in Count Two, you do not need to find that there was a conspiracy to do all three of the charged objects.

As to each of Count One and Two, it is sufficient if you find that the conspiracy had just one of the charged goals relevant to each Count. However, you must be unanimous that one or more of those goals existed. In other words, you may find that the conspiracy charged in Count One existed as to all four objectives of the conspiracy, but you only need find one such objective; and you may find that the conspiracy charged in Count Two existed as to all three objectives of that conspiracy, but you only need find one such objective. For each Count, however, you must be unanimous as to the object of the conspiracy, or unanimous as to multiple objects of the

conspiracy. And you must be unanimous that any conspiracy you may find is the conspiracy charged in the Count you are considering.

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy in each charge you are considering existed, then you must next determine the second question:  Whether the defendant participated in that conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

> Adapted from the charges of the Hon. Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); the Hon. Richard J. Sullivan in *United States* v. *Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); the Hon. Denise L. Cote in *United States* v. *Enrique*, 04 Cr. 431 (S.D.N.Y. 2004); the Hon. Loretta A. Preska in *United States* v. *Almonte*, 96 Cr. 916 (S.D.N.Y. 1997), and Sand, *Modern Federal Jury Instructions*, Instr. 19-4. *See United States* v. *Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted*); United States* v. *Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.") (citations omitted); *United States* v. *Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement); *United States* v. *Berger*, 224 F.3d 107, 113 (2d Cir.2000) ("The district court was correct as a matter of law to charge that the government needed only to prove agreement on one of the objectives charged in the indictment in order to establish that a conspiracy existed.").

## REQUEST NO. 10.
## Objects of the Conspiracies

As I mentioned, the conspiracy charged in Count One is alleged to have had four unlawful objects, or goals. Objects One, Two, and Three, are also the objects alleged with respect to Count Two. I will now describe the law with respect to all four objects. Remember, you need not find that a conspiracy successfully achieved <u>all</u> of the objectives alleged with respect to that conspiracy. You do need to find, as I said earlier, whether or not the evidence establishes the existence of each of the conspiracies charged in Counts One and Two of the Indictment, that is, an agreement between at least two people to seek to achieve at least one objective of each respective conspiracy. So that you may consider whether such conspiracies existed, I will describe the law covering the crimes that are alleged to have been the objects.

## Object One (Counts One and Two)

The first object of each of the conspiracies  charged in Counts One and Two is the introduction of misbranded drugs into interstate commerce, with the intent to defraud or mislead. That offense has three elements:

1. The defendant introduced or delivered for introduction into interstate commerce, or caused to be introduced or delivered into interstate commerce, a product;

2. At the time the defendant introduced or delivered for introduction, or caused the introduction or delivery of that product into interstate commerce, the product was a "drug"'

3. At the time the defendant introduced or delivered for introduction, or caused the introduction or delivery of that product into interstate commerce, the drug was "misbranded" or adulterated in at least one way;

20

4.  The defendant had the intent to defraud or mislead.

"Interstate commerce" means commerce between any state and any place outside of that state. To deliver something for introduction into interstate commerce means to deliver it to a place or service, such as the United States Postal Service, so that the thing may then be put into interstate commerce, with the knowledge that that is what will occur. It is not necessary for the Government to prove that the defendant himself carried the drugs interstate, or to prove who carried it across and how it was transported.

The term "drug" means anything, other than food, intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in any animal, or intended to affect the structure or any function of the body of an animal. If an article is a drug, then any and all substances or ingredients that are intended to be used as a component of that article are also considered drugs.

To determine whether a product is either "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in . . . animals" or "intended to affect the structure or any function of the body," of an animal, you should consider the product's intended use. A product's intended use is what a reasonable person would conclude the manufacturer, seller, or dispenser of the product intended the product to be used for, based on all of the relevant information. You can determine the intended use of a product by considering the label and oral representations made about the product, and information from any other source which discloses intended use. If there is no label, accompanying labeling, promotional material, advertising, or oral representations made about the product on a particular occasion, you may still find that the product was intended for use as a drug by looking at any other relevant source. If other evidence establishes this intended use, such as the marketing, promotion, or previous labeling of the product by the manufacturer, seller or dispenser, you may consider such evidence.

21

A drug is "misbranded" if, prior to being dispensed, (i) its labeling fails to contain any required information, which includes list of active ingredients, "adequate directions for use," and manufacturer information; (ii) its labeling is false or misleading in any particular way; (iii) the drug is a "prescription animal drug," and its labeling lacks the statement "Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian"; or (iv) the drug is a "prescription animal drug" and it is dispensed without a valid prescription.

A drug is "adulterated" if it is an "unsafe new animal drug." I will now define for you the terms "unsafe" and "new animal drug."

A "new animal drug" is defined as a drug intended for use in animals, the composition of which is such that the drug is not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of animal drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling thereof. A "new animal drug" is "unsafe" and thus adulterated if the U.S. FDA has not approved or conditionally approved a new animal drug application for that drug.

The Indictment here charges that the first object of each conspiracy was to introduce into or deliver for introduction into interstate commerce drugs that were misbranded or adulterated in one or more of these ways. You need not find that either conspiracy was to introduce drugs that were each misbranded or adulterated in all the ways I just described. It would be sufficient if you found beyond a reasonable doubt that, for each conspiracy, a conspiracy existed to introduce drugs that were misbranded in one or more of these ways. To assist you in determining whether that was so, I will provide the following additional definitions:

The term "adequate directions for use" means direction under which a person administering or using the drug can do so safely and for the purposes for which it is intended.

22

A product is a "prescription animal drug" if it is a drug intended for use in animals other than man and, because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for animal use except under the professional supervision of a licensed veterinarian. A "prescription animal drug" is a drug that can either be administered by a licensed veterinarian in the course of the veterinarian's professional practice, or can be dispensed only upon the lawful written or oral order of a licensed veterinarian in the course of the veterinarian's professional practice.

A valid prescription is one issued in the usual course of professional practice by a licensed veterinarian for a legitimate medical purpose, based upon a *bona fide* veterinarian-client-patient relationship. Prescription animal drugs are misbranded if they are not administered by a licensed veterinarian in the course of his professional practice, and are not otherwise dispensed pursuant to a valid prescription. To dispense a prescription drug without a valid prescription means to provide a layperson with a prescription drug to administer to an animal with no oral or written prescription at all; or pursuant to a prescription that is invalid because it was not issued for a legitimate medical purpose, based upon a *bona fide* veterinarian-client-patient relationship.

The terms "label" and "labeling" have specific meanings. "Label" means any written, printed or graphic matter upon the immediate container of a product. The term "labeling" is broader than the term "label." "Labeling" means all labels as well as any other written, printed, or graphic matter that appears on any product or on any of its containers or wrappers, or that accompanies the product. Labeling may include promotional material or literature, including package inserts, pamphlets, mailing pieces, and all other literature that supplements, explains or is textually related to the product.

23

It is unnecessary for the written, printed or graphic matter to have been physically attached to the product to constitute "labeling." It is also unnecessary for the written, printed or graphic material to have been shipped at the same time as, or with the product, to constitute "labeling." The focus is whether the written, printed or graphic matter is part of an integrated transaction to market the product.

### Object Two (Counts One and Two)

The second object of each of the conspiracies charged in Counts One and Two is the misbranding or adulteration of drugs while they were held for sale, with the intent to defraud or mislead. That offense has five elements:

1. The defendant did or caused another to do some act with respect to a product;

2. At the time the defendant did or caused another to do the act, the product was a "drug";

3. The act caused the product to be misbranded or adulterated in at least one way;

4. Prior to the misbranding or adulteration of the product, the product, or a component of the product, had moved or been shipped in interstate commerce; and

5. The defendant had the intent to defraud or mislead.

The definitions I gave you earlier with respect to the first object of the conspiracies apply equally here.

### Object Three (Counts One and Two)

The third object of each of the conspiracies charged in Counts One and Two is the receipt of misbranded or adulterated drugs after they were shipped in interstate commerce, with the intent to defraud or mislead. That offense has five elements:

1. The defendant received, or caused another to receive, a product in interstate commerce;

24

2. At the time the defendant received, or caused the receipt of that product in interstate commerce, the product was a "drug"'

3. At the time the defendant received, or caused the receipt of the drug in interstate commerce, the drug was "misbranded" or "adulterated" in at least one way;

4. That the defendant delivered or proffered for delivery the drug received in interstate commerce for pay or otherwise after it was received; and

5. The defendant had the intent to defraud or mislead.

The definitions I gave you earlier with respect to the first object of the conspiracies apply equally here.

## Object Four (Count One *only*)

The fourth object of the conspiracy charged in Count One (but *not* in Count Two) is to do, or cause the doing of an act to a drug, while the drug is held for sale and after shipment in interstate commerce, which results in the drug being adulterated or misbranded, with the intent to defraud or mislead. This offense has four elements:

1. The defendant did or caused another to do some act with respect to a product while it was held for sale;

2. At the time the defendant did or caused another to do the act, the product was a "drug";

3. The act caused the product to be misbranded in at least one way;

4. Prior to the product being held for sale, the product, or a component of the product, had moved or been shipped in interstate commerce.

> Adapted from the charge of the Honorable Julie A. Robinson in *United States v. Sloan*, 13-40025-02/03-JAR (D. Kansas), the Honorable Donald E. Walter in *United States v. Hebert*, 17-00039-DEW-KK (W.D.La.), and the Honorable Sylvia H. Rambo in *United States v. Rojas*, 15 Cr. 169 (SHR) (M.D.Pa.); *see* 21 U.S.C. §§ 321(g)(1)(B)-(C), 321(k), 321(m), 321(n), 331(a), 331(k), 352(a), 352(c), 353(b)(1), 353(b)(4)(A); 21 CFR. §

201.100(b)(6); 21 CFR § 201.17; 21 CFR § 201.18; 21 CFR § 211.137; *United States* v. *Smith*, 573 F.3d 639, 652 (8th Cir. 2009); *United States* v. No. CRB10B216BHE, 2011 WL 4093884, at *4 (W.D. Okla. Sept. 14, 2011); *States* v. *Lovin*, No. 07 Cr 2016–IEG, 2009 WL 3634194, at *3 (S.D. Cal. Oct. 30, 2009); *United States* v. *Nazir*, 211 F. Supp. 2d 1372, 1375 (S.D. Fla. 2002); *United States* v. *Berger*, 224 F.3d 107, 113 (2d Cir. 2000); *United States v. Hakim*, 462 F.Supp.3d 418, 430 (S.D.N.Y. 2020).

**REQUEST NO. 11.**

**Intent to Defraud or Mislead (Objects One through Four) (Counts One and Two)**

For each of the objects to be considered in connection with the conspiracies charged in Count One and Count Two, one of the elements is that the defendant engaged in any of those objects I described earlier with an intent to defraud or mislead.

To act "with intent to defraud" means to act with the specific intent to deceive or cheat, ordinarily for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. The intent must be connected – related in time, causation or logic – to the commission of the misbranding or adulteration offense that is the subject of each charged conspiracy.

It is not necessary, however, for the government to prove that anyone was, in fact, defrauded, as long as it proves beyond a reasonable doubt that the defendant acted with the intent to defraud.

To act with "intent to mislead" means to act with the specific intent to create a false impression by misstating, omitting, or concealing facts. It is not necessary, however, to prove that anyone was in fact, misled, as long as it is established beyond a reasonable doubt that the defendant acted with the intent to mislead.

Intent need not be proved directly. You may infer the defendant's intent from the surrounding circumstances. You may consider any statement made or omitted by the defendant, and all other facts and circumstances in evidence which indicate state of mind.

The element of "intent to defraud or mislead" is written in the disjunctive, meaning with the word "or." Thus, you can find either that the defendant had the intent to defraud <u>or</u> the intent to mislead.

27

"Intent to defraud or mislead" can be demonstrated by evidence of intent to defraud or mislead consumers, state racing and drug regulators, and the Food and Drug Administration, US Customs and Border Protection or other federal drug enforcement authorities.

A defendant's good faith is a complete defense to the charges in this case.  If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.  The burden of establishing lack of good faith and criminal intent rests on the government. A defendant is under no burden to prove his good faith; rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

> Adapted from the charge of the Honorable Julie A. Robinson in *United States* v. *Sloan*, 13-40025-02/03-JAR (D. Kansas); *see United States* v. *Orrego-Martinez*, 575 F.3d 1, 7 (1st Cir. 2009) (Section 333(a)(2) requires the government to prove beyond a reasonable doubt that the defendant intended to defraud or mislead someone [i.e. either an agency or a consumer]; the focus is on the defendant's intent); *United States* v. *Ellis*, 326 F.3d 550, 556 (4th Cir. 2003); *United States* v. *Vitek Supply Corp.*, 144 F.3d 476 (7th Cir. 1998); *United States* v. *Acosta*, 17 F.3d 538, 544 (2d Cir. 1994) ("If, in addition to proving that two or more persons conspired to violate § 331, the government proves that any defendant who so conspired also had the intent to defraud or mislead, that defendant should be subject to the more severe penalty provided by § 333(a)(2).").

28

**REQUEST NO. 12.**

**Membership in the Charged Conspiracies (Second Element) (Counts One and Two)**

The Government must also prove beyond a reasonable doubt that the defendant unlawfully, willfully, and knowingly entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purpose, and that he agreed to take part in the conspiracy to promote and cooperate in furtherance of one or more of its unlawful objectives.

Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant did join the conspiracy or conspiracies in which he is charged, that the defendant knew what he was doing. That is, that he took the actions in question deliberately and voluntarily. The key question is whether the defendant joined the relevant conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

"Unlawfully" simply means contrary to law. A defendant need not have known that he was breaking any particular law or any particular rule, but he or she must have been aware of the generally unlawful nature of his or her acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his or her conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving a defendant or in his presence. You may consider this evidence in determining whether

29

the Government has proven beyond a reasonable doubt a defendant's knowledge of the unlawful purposes of the charged conspiracies.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of a conspiracy in order for you to infer knowledge on his or her part. To have guilty knowledge, a defendant need not have known the full extent of a conspiracy or all of the activities of all of its participants. It is not even necessary for a defendant to know every other member of a conspiracy. In fact, a defendant may know only one other member of a conspiracy and still be a co-conspirator.

Nor is it necessary that a defendant received any monetary benefit from his or her participation in the conspiracy that you are considering, or had a financial stake in the outcome. However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor you may properly consider in determining whether a defendant was a member of the conspiracy.

The duration and extent of a defendant's participation has no bearing on the issue of his guilt. He need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress, and he or she will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he or she was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles in the scheme. An equal role or an important role is not what the law requires. In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

However, a person's mere association with a member of a conspiracy does not make that person a member of that conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that a defendant participate in the conspiracy that you are considering with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.  It is not required that the Government show that the co-conspirators also knew that they were violating some particular federal statute.

The question of a co-conspirator's intent is a question of fact that you are called upon to decide, just as you determine any other fact at issue.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence.

In sum, a defendant, with an understanding of the unlawful nature of the conspiracy, may have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  A defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he or she becomes a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members.  So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the

venture until the venture is terminated, unless it is shown by some affirmative proof that the person

withdrew and dissociated himself or herself from it.

      Adapted from the charges of the Honorable Richard M. Berman in *United States v. Sharpe*, S2 15 Cr. 288 (RMB) (S.D.N.Y. 2017); the Honorable Richard J. Sullivan in *United States v. Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Honorable William H. Pauley III in *United States v. Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. 2010); the Honorable Lewis A. Kaplan in *United States v. Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); and the Honorable John F. Keenan, *United States v. Pa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002).

**REQUEST NO. 13.**

**Overt Act (Third Element) (Counts One and Two)**

The third element of each conspiracy charge set forth in each of Count One and Count Two is the requirement of an overt act. To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy that you are considering by at least one of the coconspirators — not necessarily FISHMAN.

The purpose of the overt act requirement is that there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove any of the overt acts alleged in the  Indictment. Indeed, you might find that overt acts were committed which were not alleged at all in the Indictment. In short, it is sufficient for the government to show that the defendant, or one of his alleged co-conspirators, knowingly committed any overt act in furtherance of the conspiracy during the life of the conspiracy.

In that regard, you should bear in mind that you need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

In addition, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.

33

You are therefore instructed that the overt act does not have to be an act which in and of itself is

criminal or an objective of the conspiracy.

> Adapted from the charge of the Honorable Leonard B. Sand in *United States* v. *Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand et al., *Modern Federal Jury Instructions*, Instr. 19-7 and 19-8; *see United States* v. *Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) ("the jury need not agree on a single overt act to sustain a conspiracy conviction"; "[T]he government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant. We conclude, therefore, that although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy." (citation omitted)); *United States* v. *Salmonese*, 352 F.3d 608, 615 (2d Cir. 2003) ("the wellestablished rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant"); *United States* v. *Provenzano*, 615 F.2d 37 (2d Cir.) (discussing overt act requirement), *cert. denied*, 446 U.S. 953 (1980).

## REQUEST NO. 14.
### Lesser Included Offense

In some cases the law that a defendant is charged with breaking actually covers two separate crimes—one is more serious than the second, and the second is generally called a "lesser included offense." The indictment in this case charges the defendant with participating in two separate conspiracies to adulterate and misbrand drugs with the intent to defraud or mislead, and I have explained to you the elements that the government must prove beyond a reasonable doubt before you may convict him of that crime.

You must first consider whether the government has satisfied its burden of proof as to all elements except intent to defraud or mislead.  If you find that the government has done so, you must render a verdict of "guilty."  If you find the defendant "guilty," you must then proceed to determine whether the government has proven beyond a reasonable doubt that the defendant committed that offense with the intent to defraud or mislead.  If the government has satisfied its burden, as to all of the elements, including intent to defraud or mislead, you must select "yes."

Adapted from Sand, *Modern Federal Jury Instructions,* Instr. 9-10.

35

**REQUEST NO. 15.**

**Offense Committed While Released on Bail (Count Two Only)**

With respect only to the conspiracy to violate the drug misbranding and drug adulteration laws charged in Count Two of the Indictment, the Indictment further charges that the defendant continued to commit that offense after he was released on bail, in violation of Section 3147 of Title 18 of the United States Code.  The Government and the defendant have agreed through a stipulation that is in evidence in this case that the defendant was released on bail in this case on October 28, 2019.

Therefore, if you find the defendant guilty of the offense charged in Count Two, you must then make one additional finding: whether the Government has proved beyond a reasonable doubt that the defendant continued to commit that offense after October 28, 2019.  There is a place on the verdict form you will receive where you can record your finding on this question.

> *See 18 U.S.C. § 3147*; *see also United States v. Gowing*, 683 F.3d 406, 410 (2d Cir. 2012) (Per Curiam) ("We thus conclude that § 3147 does apply to enhance the sentence of a person who continues to commit, while on release, the same crime for which he is awaiting trial. Such a person, in the plain language of the statute, has been 'convicted of an offense committed while released' pending trial.").

36

**REQUEST NO. 16.**

**Conscious Avoidance (Counts One and Two)**

[If Applicable]

In your consideration of whether the defendant acted knowingly with respect to any objective of the conspiracy charged in Count One or Count Two, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious. If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth, then the requirement that he acted knowingly may be satisfied.

However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken. One may not willfully and intentionally remain ignorant of a fact material and important to his conduct to escape the consequences of the criminal law. If you find beyond a reasonable doubt that the defendant intentionally participated in the conspiracy, but that the defendant deliberately and consciously avoided confirming certain facts about the specific objective of the conspiracy, then such "conscious avoidance" may support a finding that the Government has proven the defendant's knowledge of the objectives or goals of the conspiracy.

Keep in mind that you cannot rely on conscious avoidance to support a finding that the defendant intentionally joined a conspiracy. Conscious avoidance may apply only to a defendant's knowledge of the specific objectives of a conspiracy, not to whether the defendant joined that conspiracy in the first place. It is logically impossible for the defendant to intend and agree to join a conspiracy if he does not actually know that it exists.

If you find that the defendant was aware of a high probability that a fact regarding the objective of a conspiracy was so, and that the defendant acted deliberately to avoid confirming that fact, you may find that the defendant had knowledge of the fact. However, if you find that

37

the defendant actually believed the fact was not so, then he may not have acted knowingly with

respect to the fact.

> Harold Baer, Jr., in *United States v. Lopez*, 97 Cr. 1191 (HB) (S.D.N.Y. 1998), and
> Sand, *Modern Federal Jury Instructions* ¶ 3A.01, Inst. 3A-2. "A conscious
> avoidance charge is appropriate when the defendant claims a lack of knowledge of
> the relevant acts, but the surrounding circumstances would permit a reasonable
> juror to conclude that the defendant should have known about them." *United
> States* v. *Brito*, 907 F.2d 392, 396 (2d Cir. 1990). *See United States* v. *Eltayib*, 88
> F.3d 157 (2d Cir. 1996) (conscious avoidance may support finding with respect to
> defendant's knowledge of the objectives or goals of a conspiracy); *United States* v.
> *Rodriguez*, 983 F.2d 455 (2d Cir. 1993) ("[T]he charge is warranted only if the
> evidence is such that a rational juror may reach that conclusion beyond a reasonable
> doubt.").

## REQUEST NO. 17.

### Liability for Acts and Declarations of Co-Conspirators (Counts One and Two)

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people who you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without his knowledge.

> *See United States v. Mastropieri*, 685 F.2d 776, 786-90 (2d Cir. 1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

## REQUEST NO. 18.

### Time of the Conspiracies (Counts One and Two)

The Indictment alleges that the conspiracy charged in Count One existed from in or about 2016 through in or about March 2020, and that the conspiracy charged in Count Two existed from in or about 2002 through in or about March 2020 It is not essential that the government prove that the conspiracies started and ended at these specific times.

> Adapted from the charge of the Hon. Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009) and Sand, *Modern Federal Jury Instructions*, Instr. 3- 12; *see United States* v. *Rivera*, 376 F.3d 86, 89-93 (2d Cir. 2004).

## **REQUEST NO. 19.**

## **Variance in Dates (Counts One and Two)**

The Government is not required to prove that the conduct took place on the precise dates alleged in the Indictment. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established through evidence at trial.

> Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Pauling*, No. 16 Cr. 563 (Feb. 13, 2019); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 3-12.

## REQUEST NO. 20.

## Venue (Counts One and Two)

In addition to all the elements of each of the charges that that I have just described for you, you must decide, separately with respect to each of these Counts whether any act in furtherance of the crime you are considering occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, Westchester, Duchess, Putnam, Orange, Sullivan, and Rockland Counties.

Venue is proven if any act in furtherance of the crime you are considering occurred in the Southern District of New York, regardless of whether it was the act of the defendant or anyone else.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of a given crime occurred in the Southern District of New York.

> Adapted from the charge given by the Honorable Jed S. Rakoff in *United States v. Newkirk*, 14 Cr. 534 (JSR) (S.D.N.Y. Dec. 11, 2015).

## REQUEST NO. 21.

### Direct and Circumstantial Evidence

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

Sand, *Modern Federal Jury Instructions*, Instr. 5-2.

43

## REQUEST NO. 22.

### Inferences

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

Sand, *Modern Federal Jury Instructions*, Instr. 6-1.

44

## REQUEST NO. 23.

## Stipulations

You have heard evidence in the form of stipulations.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

Adapted from the charge of the Honorable Stephen C. Robinson in *United States v. Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also* Sand et al., Modern Federal Jury Instructions, Instr. 5-6.

45

## **REQUEST NO. 24.**

## **Witness Credibility**

It must be clear to you by now that the Government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Sand, *Modern Federal Jury Instructions*, Instr. 7-1.

**REQUEST NO. 25.**

**Law Enforcement and Government Employee Witnesses**

You have heard testimony of law enforcement officials and of employees of the government.  The fact that a witness may be employed by the government as a law enforcement official or as an employee of the government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witnesses and to give that testimony whatever weight, if any, you find it deserves.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16; and from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

**REQUEST NO. 26.**

**Testimony of Experts**

You have heard testimony from what we call expert witnesses.  An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his or her opinions as to relevant matters in which he or she professes to be expert and give his or her reasons for those opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing great reliance on his or her testimony.

> Adapted from the charge of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); the charge of the Honorable Michael B. Mukasey in *United States v. Mensah*, 91 Cr. 705 (MBM) (S.D.N.Y. 1991); and from Sand et al., Modern Federal Jury Instructions, Instr. 7-21.

**REQUEST NO. 27.**

**Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

## **REQUEST NO. 28.**

## **Persons Not on Trial**

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from the charge of the Honorable Peter K. Leisure in *United States v. Parra and Ortega*, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-4.

**REQUEST NO. 29.**

**Testimony of Cooperating and Non-Prosecuted Witnesses**

You have heard testimony from a witness who have testified that they were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the government. You have also heard from two witnesses who testified that they were involved in potentially criminal conduct, and who subsequently entered into what is called a "nonprosecution agreements" with the government.

Experience will tell you that the government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such witnesses is properly considered by the jury. If these witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable. For these very reasons, the law allows the use of such witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

53

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, background, and the extent to which his testimony is or is not corroborated by other evidence in case.

You heard testimony about cooperation agreements entered into between the Government and certain cooperating witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you have a right to distrust the testimony of such an individual concerning other

54

matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

But the issue of credibility also need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

> Adapted from the charge given in *United States* v. *Carrero*, 91 Cr. 365, and from Sand, *Modern Federal Jury Instructions*, Instr. 7-5. *See also United States* v. *Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); *United States* v. *Cheung Kin Ping*, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); *United States* v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## REQUEST NO. 30.

### Immunity of Government Witness

You have heard the testimony of a witness who has testified under a grant of immunity from this court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

Sand, *Modern Federal Jury Instructions*, Instr. 7-8.

56

## REQUEST NO. 31.

## Use of Evidence Obtained in Searches

You have heard testimony about certain evidence that was seized in searches of certain places, vehicles and electronic devices, and through the use of wiretaps on the defendant's cellular telephone.  Evidence obtained from those searches was properly admitted in this case, and may be considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

Similarly there is evidence concerning an individual's location based on the location of cellular phones.  Evidence obtained in this manner was properly admitted in this case, and may be considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proven the guilt of the defendant beyond a reasonable doubt.

> Adapted from the charges of the Honorable Pierre N. Leval in *United States v. Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), *aff'd*, 968 F.2d 146 (2d Cir. 1992), and in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 32.

### Statements of a Defendant

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), and the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## REQUEST NO. 33.

## Defendant's Right Not to Testify

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or present any evidence, because it is the Government's burden to prove the defendant's guilt beyond a reasonable doubt.  That burden remains with the Government throughout the trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.  You may not attach any significance to the fact that the defendant did not testify. You may not draw any inference against the defendant because he did not take the witness stand.  You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

> Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (Sept. 24, 2018).

59

**REQUEST NO. 34.**

**Recordings and Transcripts**

The Government has introduced evidence in the form of audio recordings and transcripts. If you wish to hear any of the recordings again, or see any of the transcripts of those recordings, they will be made available to you during your deliberations.

> Adapted from the charges of the Honorable William H. Pauley III in *United States v. Felton*, 17 Cr. 21, the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (Sept. 24, 2018), and the Honorable Richard J. Sullivan in *United States v. Awuley*, No. 13 Cr. 875 (July 29, 2014).

## **REQUEST NO. 35.**

### **Redaction of Evidentiary Items**

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or tape was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

Adapted from the charge of the Honorable Katherine B. Forrest in
*United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (S.D.N.Y. 2015).

61

**REQUEST NO. 36.**

**False Exculpatory Statements**

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which the defendant exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which the defendant is charged.

Whether or not the evidence as to the defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-11.

## REQUEST NO. 37.

### Right To See Exhibits and Hear Testimony; Communications with Court

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see or hear any of the exhibits, upon request they will be sent to you in the jury room or you will be brought back into the courtroom to examine them. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony that you may want.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

Sand, *Modern Federal Jury Instructions*, Instr. 9-3.

**REQUEST NO. 38.**

**Note-Taking by Jury**

During the trial, I have permitted you to take notes.  Those notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not be shown to any other juror during your deliberations.  If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which was made of these proceedings be read to you.

Sand, *Modern Federal Jury Instructions*, Instr. 1-3.

## REQUEST NO. 39.
### Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendant beyond a reasonable doubt with respect to each of the elements of each of the offenses charged?

It is for you alone to decide whether the Government has proven beyond a reasonable doubt that the defendant is guilty of the crime or crimes for which he is charged solely on the basis of the evidence or lack of evidence and subject to the law as I charge you. It must be clear to you that once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If the Government has failed to establish the defendant's guilt beyond a reasonable doubt, you must acquit him or her. But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Adapted from the charge of the Honorable Katherine B. Forrest in
*United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (S.D.N.Y. 2015).

## REQUEST NO. 40.

### Punishment

The question of possible punishment of the defendant is of no concern to you, ladies and gentlemen of the jury, and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the Government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

> Adapted from the charge of the Honorable Katherine B. Forrest in *United States* v. *Ulbricht*, 14 Cr. 68 (KBF) (S.D.N.Y. 2015); Sand, *Modern Federal Jury Instructions*, Instr. 9-1.

## REQUEST NO. 41.
### Conclusion

Your function now is to weigh the evidence in this case and to determine whether the Government has proven the guilt of the defendant beyond a reasonable doubt with respect to the charges of the Indictment.

You must base your verdict solely on the evidence, or lack of evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, whether guilty or not guilty, must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do _not_ report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

* * *

In submitting these requests to charge, the Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.


Dated: New York, New York
       January 10, 2022

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                              By:    s/_____
                                        Andrew C. Adams
                                        Anden Chow
                                        Sarah Mortazavi
                                        Assistant United States Attorneys
                                        (212) 637-2340 / 2348 / 2520

68