# SERCARZ & RIOPELLE, LLP

950 THIRD AVENUE, 31st FLOOR
NEW YORK, NEW YORK 10022
(212) 586-4900
FACSIMILE (212) 586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2022

June 24, 2022

**BY EMAIL**

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    *United States v. Navarro, et al*, 20 CR 160
                <u>Seth Fishman – Defendant</u>

Your Honor:

      I write in response to the Court's Order denying without prejudice our letter motion for an adjournment of Dr. Fishman's sentencing. What follows is my response to the specific requests by the Court:

**<u>The Timeline</u>**

      In response to the Court's direction, I contacted by MDC by phone. I was informed that the institution will not provide a listing of the dates when it was in lockdown without a Court Order. This timeline is based upon information provided by my client, and by the office of our retained psychiatrist.

      On February 2, 2022, the jury returned its verdict convicting the defendant. By this time, Dr. Fishman was an inpatient in the psychiatric wing at Mt. Sinai Hospital West.

      On February 18, 2022, Dr. Fishman was remanded to the custody of the U.S. Marshals and taken to the Metropolitan Detention Center. When Dr. Fishman first arrived at the MDC, he was placed in isolation for over a week. It took additional time for doctors at the MDC to prescribe a series of medications that would help to relieve his immediate medical and emotional issues.

      There was some difference of opinion among those close to Dr. Fishman as to whether it was in his best interest to conduct a psychiatric evaluation in aid of sentencing. Counsel

eventually prevailed upon Dr. Fishman and family members to agree to retain a psychiatrist for this purpose.

On or about April 22, 2022, Dr. Bardey, our choice to conduct the evaluation, forwarded a copy of his proposed retainer to my office. The retainer required the defendant's signature. Due to sporadic lockdowns at the MDC, I mailed the retainer to my client. However, after more than a week's time, Dr. Fishman indicated in a phone call that he had not, as yet, received the proposed retainer. We modified the retainer to make the defendant's father the party responsible to Dr. Bardey for his fees in this case, while stating that Dr. Bardey was employed at the direction of defense counsel and that his work was subject to the attorney-client privilege.

Meanwhile, we were able to assemble and forward to Dr. Bardey medical records, including records of Dr. Fishman's two psychiatric hospitalizations: The first, at NY Hospital in 1996 and the second, Dr. Fishman's hospitalization at Mt. Sinai Hospital West during the trial.

Dr. Bardey's office has provided information that his efforts to complete his own examination, and to have a psychologist on staff conduct a psychological evaluation of Seth were delayed by lockdowns. Specifically, Dr. Bardey reports as follows:

Dr. Bardey conducted his first interview with Dr. Fishman on May 27, 2022.

On June 10, 2022, an appointment by Dr. Bardey and his psychologist for an in-person, follow-up visit with Dr. Fishman, was canceled because the MDC was on lockdown status and no visitors were allowed. Dr. Bardey and the psychologist shifted the appointment to an audio visit scheduled for June 14, 2022. However, Dr. Bardey reports that on June 14, the audio feed was so bad at the facility that the telephone conference had to be cut short. This interview was not completed until June 23, 2022.

Yesterday evening, Dr. Bardey provided me with a draft of his report. This will allow me to incorporate his conclusions and to file my sentencing memo by the Court-ordered deadline of June 27, 2022. If an adjournment is granted, Dr. Bardey and his staff intend to complete their follow up analysis in order to refine the factual content and conclusions of their report.

### The Redactions To Our Letter Motion Seeking The Adjournment

The issue of whether documents and testimony should remain filed under seal; or, should be open to public access is resolved pursuant to the competing considerations outlined in *United States v. McPartland,* 201 WL 722496 (EDNY 2021).

Before the common law right of public access can attach […] a court must first conclude that the documents at issue are indeed "judicial documents." *See United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995). In determining the weight of the presumption to be given to the right of access, the Court must consider the role of the material at issue in the exercise of Article III Judicial Power and the resultant value of such information to those monitoring the federal courts. *See United States v. Amodeo II*, 71 F.3d at 1049. Finally, the Court must balance competing considerations including the privacy interests of those resisting disclosure.

In the present case, the trial of this matter has ended and the submissions yet to be filed relate to sentencing. While the defendant will seek a measure of leniency based upon matters relating to his mental health, we submit that the public will obtain a satisfactory understanding of the nature of the defendant's condition and the way in which it may influence the Court's judgment if limitations are imposed upon descriptions of the defendant's conditions.

We would propose the following:

1. We have no objection to filing an unredacted version of our motion for the adjournment.

2. We request the opportunity, prior to sentencing, to address in a comprehensive way, appropriate guidelines both as to the unsealing of documents and transcripts currently under seal; and to additional filings in connection with sentence. I would request that our retained psychiatrist be given an opportunity to offer an opinion on the potential that disclosure of particular details concerning my client's mental health may have a substantially damaging impact upon his condition and the prognosis for improvement.

**Conclusion**

Accordingly, we respectfully request (1) that the motion for an adjournment of the sentencing be granted; (2) that an unredacted copy of the motion be filed on the public record and (3) that the Court provide a schedule for the parties to offer proposed guidelines regarding the continued sealing of documents and testimony.

Most respectfully,

/s/Maurice H. Sercarz

cc: AUSA Sarah Mortazavi (by email)

---

The request to adjourn the sentencing is DENIED because defense counsel represents that he can "file [his] sentencing memo by the Court-ordered deadline of June 27, 2022," and the Court has already adjourned the sentencing twice [ECF Nos. 816, 849]. The sentencing will proceed as scheduled on July 11, 2022. By July 6, 2022, the parties shall file a joint letter explaining their positions on the need for any continued sealing.

Date: June 24, 2022
New York, New York

Mary Kay Vyskocil
United States District Judge