UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/12/2022

United States of America

v.

Seth Fishman,

              Defendant.

**Order of Restitution**

**S6 20 Cr. 160 (MKV)**

Pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, the Court "shall order" the defendant, Seth Fishman, to make restitution to the victims of the conspiracy charged in Count One of the S6 superseding indictment, of which conspiracy Dr. Fishman was convicted by a jury. The "'restitution order must be tied to the victim's actual, provable, loss,' and the amount of restitution ordered must reflect a 'reasonable approximation of losses supported by a sound methodology.'" *United States v. Tanner*, 942 F.3d 60, 67 (2d Cir. 2019) (quoting *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012) and *United States v. Gushlak*, 728 F.3d 184, 196 (2d Cir. 2013)). As the Court explained on the record at Dr. Fishman's sentencing on July 11, 2022, the Court finds that Dr. Fishman is jointly and severally liable with co-conspirator Jorge Navarro, a thoroughbred racehorse trainer, for restitution in the amount of $25,860,514.

The restitution is tied to actual, provable losses to victims of the Count One conspiracy. It reflects purse money that Jorge Navarro won, at the expense of racing competitors, during the course of a conspiracy in which Navarro administered to horses in his care adulterated and misbranded performance enhancing drugs, some of which drugs Navarro obtained from Dr. Fishman. It does not matter that Dr. Fishman did not supply all the drugs that his co-conspirator used, since Dr. Fishman is responsible for all of the "losses flowing from the reasonably

foreseeable 'actions of [his] co-conspirators.'" *United States v. Goodrich*, 12 F.4th 219, 228 (2d Cir. 2021) (quoting *United States v. Boyd*, 222 F.3d 47, 50–51 (2d Cir. 2000)).

The Court notes that, in connection with his guilty plea, Navarro stipulated that the restitution amount represents losses to the victims of the Count One conspiracy. The Court also relies on evidence presented at Dr. Fishman's trial proving that Dr. Fishman repeatedly supplied Navarro with adulterated and misbranded performance enhancing drugs, including invoices and text messages reflecting their transactions. In one exchange, Navarro specifically credited Dr. Fishman with securing victory for Navarro's horse in a race whose purse exceeded $2 million. GX 401-K. The Court also notes evidence at Dr. Fishman's trial that Navarro's use of performance enhancing drugs to win races was notorious and profligate. Such evidence includes the witness testimony of Ross Cohen, video evidence, recorded phone calls, and text messages. Thus, all the losses of Navarro's racing competitors were reasonably foreseeable to Dr. Fishman.

Accordingly, upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Sarah Mortazavi and Anden Chow, Assistant United States Attorneys, of counsel; the presentence investigation report; the Defendant's conviction on Count One of the above Indictment; and all other proceedings in this case, it is hereby ORDERED that:

**1. Amount of Restitution.** Seth Fishman, the Defendant, shall pay restitution in the amount of $25,860,514 to the victims of the offense of conviction related to Count One, resulting in the payment of a total restitution amount of $25,860,514. The name, address, and specific amount owed to the victim is set forth in the schedule attached hereto. Upon advice of a change

of address, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

**2. Joint and Several Liability.** Defendant's liability for restitution shall be joint and several with that of any other defendant ordered to make restitution for the offenses charged in Count One of the S6 Indictment. Defendant's liability for restitution shall continue unabated until either the Defendant has paid the full amount of restitution ordered herein, or every victim has been paid the total amount of his loss from all the restitution paid by the Defendant and any co-defendant in this matter.

As the Court explained at Dr. Fishman's sentencing, the Court is not imposing restitution on Count Two, since the Court could not determine the actual losses from the Count Two conspiracy at the time of Dr. Fishman's sentencing, and any benefit to the victims would be outweighed by the delay and burden on the sentencing process required to make such determination.  *See* 18 U.S.C. § 3663A(c)(3)(B).

Dated: New York, New York

  July 12, 2022

_____
The Honorable May Kay Vyskocil
UNITED STATES DISTRICT JUDGE

3