UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/10/2023__
```

UNITED STATES OF AMERICA,

               -against-

SETH FISHMAN,

               Defendant.

20-cr-160 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On January 6, 2023, the Court held a status conference in this matter to discuss the process of resolving Dr. Fishman's objections to the forfeiture in this case. The Court also entered an Order memorializing some of its instructions at the conference [ECF No. 1021]. In particular, the Court had explained on the record at the conference that the Court had granted numerous defense requests to adjourn a hearing on the forfeiture in this case [ECF Nos. 950, 951, 960, 971, 979, 980, 993, 1013, 1017], and the Court ruled that the forfeiture hearing will go forward on March 6, 2023 and will not be adjourned again [ECF No. 1021]. In addition, in the light of defense counsel's recent representation that he had "learned that FCI Miami does not have facilities for a video-conference" [ECF No. 1013 at 3], the Court ruled that Dr. Fishman would have to "be physically present in the courtroom" if he wishes to testify at the forfeiture hearing [ECF No. 1021]. The Court also ruled "that defense counsel sh[ould] file a letter by . . . January 9, 2023 informing the Court whether Dr. Fishman intends to testify and, if not, whether he waives any right he may have to be present at the hearing" [ECF No. 1021].

Mr. Kessler filed a letter, dated January 9, 2023, stating that Dr. Fishman does not wish to be physically present in the courtroom for the forfeiture hearing, that he "agrees to submit his testimony . . . by declaration," and that he wishes to appear at the hearing by telephone [ECF No.

1024].  Mr. Kessler's letter also contains a number of incorrect and misleading statements.  The Court will address the most glaring misrepresentations for the record.

As an initial matter, Mr. Kessler accuses the Court of "revers[ing] course" on whether Dr. Fishman may testify remotely at the forfeiture hearing [ECF No. 1024 at 1].  That accusation is baseless.  The Court and the parties had previously agreed that Dr. Fishman would testify at the forfeiture hearing by videoconference [ECF No. 957 at 22 ("He can appear by video if he wishes to do that"); ECF No. 964 ("Dr. Fishman has resigned himself to appear by video conference.")].  Mr. Kessler specifically conditioned such a remote appearance on Dr. Fishman's "access" to the requisite facilities [ECF No. 964].  Mr. Kessler then represented to the Court that "FCI Miami does not have facilities for a video-conference" [ECF No. 1013 at 3].  He asked that Dr. Fishman be permitted testify by telephone.  The Court ruled, however, that it could not take Dr. Fishman's testimony by telephone.  The Court explained on the record at the hearing that the Court would not be able to evaluate Dr. Fishman's demeanor and assess credibility over the telephone.  *See* Fed. R. Civ. P. 43 Advisory Committee's Notes (1996 Amendment) (stressing the importance of the "opportunity to judge the demeanor of a witness").

Mr. Kessler also accuses the Court of "opin[ing] that Dr. Fishman has no right to be present at the forfeiture hearing" [ECF No. 1024 at 1].  That accusation also is false.  The Court merely noted at the January 6, 2023 status conference that, because of the unusual posture of this case at this stage, Dr. Fishman might or might not have a right to be present at the forfeiture hearing if he chooses not to testify.  The Court's January 6, 2023 Order reflects that the Court did not "opine" one way or the other, since it directs that defense counsel should inform the Court whether "Dr. Fishman . . . waives *any right he may have* to be present at the hearing" [ECF No. 1021].  Under Rule 43 of the Federal Rules of Criminal Procedure, a criminal defendant "need not be present"

for a "proceeding [that] involves the correction or reduction of a sentence" for clear error under

Rule 35. Fed. R. Crim. P. 43(b)(4); *see* Fed. R. Crim. P. 35. Here, Mr. Kessler is arguing that Dr.

Fishman's sentence should be corrected to eliminate or reduce the forfeiture component.

The government, on the other hand, has previously argued that the Court should amend the

preliminary order of forfeiture pursuant to the authority "under Rule 32.2(e)" [ECF No. 901 at 72].

Under Rule 32.2(e), "[o]n the government's motion, the court may at any time enter an order of

forfeiture or amend an existing order of forfeiture to include" newly discovered or substitute

property. Fed. R. Crim. P. 32.2(e). A defendant's presence *might* not be required at a proceeding

related to amending a forfeiture order under Rule 32.2(e).

Finally, Mr. Kessler suggests the Court acted improperly by "prematurely" issuing the

preliminary order of forfeiture in this case [ECF No. 1024]. As the Court has repeatedly explained

on the record at prior proceedings, at Dr. Fishman's sentencing, counsel for both sides clearly

consented to entry of the preliminary order of forfeiture, provided that the Court would later amend

the order if necessary [ECF No. 901 at 24, 72, 92]. Mr. Kessler later confirmed on the record that

he also consented to this approach [ECF No. 957 at 6, 16]. Moreover, a district court generally is

required to announce forfeiture as a component of a sentence and promptly enter a preliminary

order of forfeiture. *See United States v. McIntosh*, 24 F.4th 857, 859 (2d Cir. 2022). The Second

Circuit has explained that, if a district court is "not in possession of the requisite information" at

the time of sentencing, the district court must "indicate its intent to amend" at a later date. *United

States v. Yutronic*, 544 F. App'x 18, 20 (2d Cir. 2013). That is precisely what this Court did, at the

suggestion of the parties and with the express consent of both sides [ECF No. 901 at 19, 24, 72].

The Court was required to follow this procedure only because of the defense's admitted failure

prior to sentencing to give either the Court, or the government notice of any objection to the

forfeiture [ECF No. 901 at 19, even though the defense was aware of the proposed forfeiture well in advance of the sentencing by virtue of both the Presentence Investigation Report and the proposed Preliminary Order of Forfeiture.

Thus, IT IS HEREBY ORDERED that the forfeiture hearing will take place on March 6, 2023 in Courtroom 18C of 500 Pearl Street, New York, NY 10007.  IT IS FURTHER ORDERED that, by January 17, 2023, the government shall file a letter informing the Court whether it objects to the submission of Dr. Fishman's testimony on the correct amount of the forfeiture by declaration or affidavit.  IT IS FURTHER ORDERED that Dr. Fishman will be present at the hearing via telephone.  The Courtroom Deputy will provide the dial-in information via email.  The government must coordinate with the Warden.  The dial-in information may not be shared with anyone else.

**SO ORDERED.**

**Date:  January 10, 2023**
       **New York, NY**

       **MARY KAY VYSKOCIL**
       **United States District Judge**