THE LAW OFFICES OF

# STEVEN L. KESSLER

April 3, 2023

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                    **Re:**   *Forfeiture proceeding relating to*
                              *United States v. Seth Fishman*
                              **20 Cr. 160 (MKV)**

Dear Judge Vyskocil:

      This letter is written in opposition to the government's letter-motion for leave to supplement the record, filed on Friday, March 31, 2023, more than three and a half weeks after the forfeiture hearing concluded. (ECF # 1079). Dr. Fishman objects to the motion.

      The government submits two declarations from individuals who did not testify at the forfeiture hearing, together with at least 32 exhibits (although none appear to be attached in their filing). In its letter-motion, the government also references items they wish the Court to accept as "facts." As for just one example, they point to one of the proposed declarations, wherein the declarant offers as "facts" issues that are not in the record or that Dr. Fishman contests. Even the government's letter acknowledges that the declaration supports the government's "conten[tion]," not a finding by the Court.

      Here, the government's "letter-motion," submitted without prior notice to defense counsel, does not "seek" anything. Instead, without waiting for a ruling from the Court, the government is submitting with and in its letter the documents and more charts it wishes the Court to include in its consideration of the issues.

      If the government wished to extend the hearing or their time to make additional arguments, they should have said so on March 6, before the hearing concluded. They did not. The parties agreed to submit their respective declarations and accompanying exhibits for the Court's consideration and in anticipation of argument at the March 6 hearing. At the January 6, 2023 conference, the Court notified the parties that the March 6 hearing

*The Honorable Mary Kay Vyskocil*  *Page – 2 –*
*April 3, 2023*

would not be continued. The instant motion and proposed additional declarations and exhibits are manifestly untimely.

The Court did not leave open the hearing for additional submissions. The Court did not say it would allow the parties to supplement their presentations or proffer evidence to bolster their arguments with further submissions. Yet, that is exactly what the government now wishes to do. It would open the matter for responsive factual submissions from Dr. Fishman and even an additional hearing. That should not be permitted.

If the government wished to present new documents – and go through the torturous process of ensuring that Dr. Fishman receives the materials with sufficient time to review and respond to them in another Declaration – they should be moving to reopen the hearing to permit additional arguments and evidence from both sides. It also would permit Dr. Fishman to cross-examine the new declarants and question their statements. There was no in-person testimony at the hearing because the parties agreed to submit Declarations of Dr. Fishman and Mr. Rubino to serve as the bases for the factual issues and then to discuss with the Court the application of those facts to the law. No such agreement was made with regard to the newly proposed declarations, nor would such consent be given by Dr. Fishman.

Further, although the Court may consider evidence in the trial record in reaching its decision, that relates to evidence in this case. Even in its letter, the government concedes that the photographs appended to the proposed Turpin Declaration "were taken of drugs seized from the residences and/or vehicles of convicted defendants Lisa Giannelli, Donato Poliseno, Erica Garcia, and Rebecca Linke" (footnotes excluded). It is unclear how they would all relate to Dr. Fishman, the related legal issues, and his forfeiture calculation, especially when there is no joint and several liability with regard to forfeiture, something this Court correctly acknowledged at the hearing (Tr. at 47).[1]

As the Court is aware, after any oral argument, there are always things that advocates remember that they did not argue because they neglected to mention them or were too focused by the Court on other matters. That is true for the forfeiture hearing as well. But that does not justify further submissions, especially after waiting nearly one

---

[1] *See United States v. McIntosh*, 2023 WL 382945, at *2, 2023 U.S. App. Lexis 2123, at *4 (2d Cir. Jan. 25, 2023) ("We conclude and the government now concedes that *Honeycutt's* reasoning applies with equal force to the forfeiture statute at issue here, 18 U.S.C. § 981(a)(1)(c)). *See also Peithman v. United States,* 140 S. Ct. 340 (2019) (Sotomayor, dissenting from the denial of certiorari) (citations omitted) (". . . the Government now concedes that the rationale of *Honeycutt* applies equally to § 981(a)(1)(C) as it does to § 853(a)(1) . . .)".

*The Honorable Mary Kay Vyskocil*                                                              *Page – 3 –*
April 3, 2023

month from the conclusion of the hearing to unilaterally "supplement" their arguments. Were that proper, hearings would never end.

Indeed, I learned after the hearing that the AviMark system is *not* a cloud-based system, but is in fact computer-based. Therefore, the government's statement on that score to the Court was wrong. Tr. at 123. That was an important point for the government, as they sought to convince the Court that they did not have previous access to the software despite having seized Ms. Giannelli's computer, having compelled Ms. Giannelli to show them how the software worked and having the computer in their possession since March 2020. This is just one of the items that could be "revisited" should the additional submissions be permitted. The Court should not allow it.

Accordingly, the Court should deny the government's motion.

                                                      Respectfully,

                                                      Steven L. Kessler
                                                     LAW OFFICES OF STEVEN L. KESSLER
                                                     500 Mamaroneck Avenue, Suite 320
                                                     Harrison, New York 10528
                                                     (212) 661-1500
                                                     KesslerLawNYC@gmail.com

SLK:rmaf
cc: All Counsel *(by ECF)*