# Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 605
White Plains, New York 10601

Theodore S. Green  
Richard D. Willstatter

(914) 948-5656  
Fax (914) 948-8730  

E-mail: Willstatter@msn.com

August 1, 2023

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Navarro (Seth Fishman)*
            20 Cr. 160 (MKV)

Dear Judge Vyskocil:

      This is an application to unseal the Count One "schedule of victims" the government filed under seal. That list has a breakdown of racetracks, their addresess and amounts owed totaling $25,860,514.00. The amended judgment refers to the list as "Victim's list which is sealed." Dkt. 1115 at 6. The defense seeks to unseal the schedule of victims so that it may be publicly filed in connection with Seth Fishman's pending appeal. In his appeal, he intends to challenge, among other things, the Court's restitution order.

      The schedule of victims is a judicial document. It was filed by the government and it provides the identity of the racetracks the Court found were victims of the Count One conspiracy and the amounts of loss and therefore amounts Seth Fishman is ordered to pay each one. It was "relevant to the performance of the judicial function and useful in the judicial process" and so it qualifies as a judicial document. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). "Judicial documents consist of testimony or documents that a court relies on to perform its Article III duties and substantively adjudicate a matter." *Winfield v. City of N.Y.*, No. 15-cv-05236 (LTS) (KHP), 2017 U.S. Dist. LEXIS 103612, at *10 (S.D.N.Y. July 5, 2017). The Court used the list to fashion its restitution order.

      "The party seeking to place the judicial documents under seal bears the burden of overcoming the presumption of public access." *Actava TV, Inc. v. Joint Stock Co. "Channel One Russia Worldwide*, No. 18-cv-06626 (ALC), 2023 U.S. Dist. LEXIS 43943, at *11-12 (S.D.N.Y. Mar. 15, 2023) quoting *Rogers v. Henry*, 2017 U.S. Dist. LEXIS 197217, 2017 U.S. Dist. LEXIS 197217 at *11, WL 5495805, at *5 (E.D.N.Y. Sep. 12, 2017). We are informed the government opposes this application, so they are the

party seeking continued sealing and that bears the burden to overcome the presumption.

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government. To ensure that ours is indeed a government of the people, by the people, and for the people, it is essential that the people themselves have the ability to learn of, monitor, and respond to the actions of their representatives and their representative institutions." *United States v. Erie Cty.*, 763 F.3d 235, 238-39 (2d Cir. 2014) (reversing sealing order). In *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019), the Second Circuit found the district court failed to give proper weight to the presumption of access, failed to review the documents individually and produce specific, on-the-record findings that sealing is necessary to preserve higher values, and there was no countervailing privacy interest sufficient to justify continued sealing. *Id.* at 48. A real danger of impairing law enforcement might justify sealing documents in a criminal proceeding. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

"Under both the common law and the First Amendment, there is a strong presumption of public access to judicial documents[.]" *United States v. Leissner (In re New York Times)*, 799 Fed. Appx. 62, 65, 2020 U.S. App. LEXIS 7829, 2020 WL 1157030 (2d Cir. March 10, 2020). "In light of this strong First Amendment presumption, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order[s] [are] narrowly tailored to achieve that aim." *Id.* quoting *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). The strongest presumption attaches where the documents determine litigants' substantive rights. *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022).The public's right of access to the courts and their decisions is essential to our system of ordered liberty. *United States v. Erie Cty.*, 763 F.3d 235, 238-39 (2d Cir. 2014). The public's right to have access to judicial documents is "integral to our system of government." *United States v. Donato*, 714 F. App'x 75, 76-77 (2d Cir. 2018) quoting *Erie Cty.*, 763 F.3d at 238-39.

The government says that the Crime Victims Rights Act calls for such sealing. But that law, 18 U.S.C. § 3771, only calls for a victim's "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The names and addresses of the racetracks are public. These are public gambling facilities whose addresses are advertised. The amounts of money they paid Navarro should be a public record. Nothing about the names, addresses or amounts supposedly owed these race tracks needs to be kept from the public. Nor are such facts among those covered by Fed. R. Crim. P.49.1, like the home address of an individual.

                Respectfully,

                /s/ Richard D. Willstatter
                RICHARD D. WILLSTATTER

cc: Sarah Mortazavi, Assistant U.S. Attorney