UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA : | **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS** |
| - v. - : | |
| SETH FISHMAN, : | |
| Defendant. : | S6 20 Cr. 160 (MKV) |
| : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of SETH FISHMAN (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about July 10, 2023.

**Background**

1.  On or about November 5, 2020, the Defendant, among others, was charged in two counts of a five-count Superseding Indictment, S6 20 Cr. 160 (MKV) (the "Indictment"), with conspiracy to misbrand and adulterate drugs in interstate commerce with intent to defraud or mislead, in violation of Title 18, United States Code, Section 371, and Title 21, United States Code, Sections 331 and 333 (Counts One and Two).

2.  The Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334, and Title 28, United States Code, Section 2461, of any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for

sale ("Forfeitable Property"), including but not limited to a sum of money in United States currency representing the value of such property.

3. On or about February 2, 2022, the Defendant was found guilty, following a jury trial, of Counts One and Two of the Indictment.

### The Order of Forfeiture

4. On or about July 10, 2023, the Court entered an Order of Forfeiture/Money Judgment (D.E. 1109), imposing a money judgment against the Defendant in the amount of $10,312,627.40 in United States currency (the "Money Judgment").

5. To date the entire Money Judgment entered against the Defendant remains unpaid.

### Unavailability of Forfeitable Property

6. As set forth in the Declaration of Federal Bureau of Investigation Special Agent Timothy Bergen, the United States has not been able to locate, obtain or collect the Forfeitable Property, despite the exercise of due diligence.

7. However, the United States has located the following assets of the Defendant:

   a. Any and all funds on deposit in Citibank, N.A. account 9144769909, held in the name of Seth Fishman;

   b. Any and all funds on deposit in Citibank, N.A. account 9139136538, held in the name of Seth Fishman;

   c. Any and all funds on deposit in Citibank, N.A. account 9139136525, held in the name of Seth Fishman;

   d. Any and all funds on deposit in Citibank, N.A. account 9139800880, held in the name of Seth Fishman;

    e. Any and all funds on deposit in CreditCorp Bank, S.A. account 4010102652, held in the name of Equine Performance Inc. and beneficially owned by Seth Fishman;

    f. Any and all funds on deposit in CreditCorp Bank, S.A. account 4010102668, held in the name of Equine Performance Inc. and beneficially owned by Seth Fishman;

    g. Any and all funds on deposit in Paypal account 2009696405473359310, held in the name of Seth Fishman;

    h. The real property located at street address 2565 South Ocean Blvd Apartment 412 N, Highland Beach, Florida 33487 with a legal description of Unit No. 412-N, in the Townhouses of Highland Beach Condominium, a condominium, according to the Declaration of Condominium thereof, as recorded in Official Recorded Book 3466, at Page 791, of the Public Records of Palm Beach County, Florida;

    i. The real property located at street address 2575 South Ocean Blvd Unit 303 South, Highland Beach, Florida 33487 with a legal description of Unit No. 303-S, in the Townhouses of Highland Beach Condominium, a condominium, according to the Declaration of Condominium thereof, as recorded in Official Recorded Book 3466, at Page 791, of the Public Records of Palm Beach County, Florida and any amendments therein together with its undivided share in the common elements.

    j. $70,049.59 in United States currency on deposit in Wells Fargo account number ending in -9455, held in the name of Green & Willstatter Attorney Trust;

(a. through j., collectively, the "Substitute Assets").

8. The United States is now seeking to forfeit the Defendant's interest in the Substitute Assets and to have them, once forfeited, applied towards the Defendant's outstanding Money Judgment.

9. For the following reasons, the Government respectfully requests that the Substitute Assets be forfeited to the United States and applied as a payment towards the Money Judgment.

**Discussion**

10. Title 21, United States Code, Section 334(a) provides that "any article of food, drug, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(II), 344, or 355 of this title, be introduced into interstate commerce, shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States or United States court of a Territory within the jurisdiction of which the article is found."

11. Title 28, United States Code, Section 2461(c) provides that if "the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and Section 3554 of Title 18, United States Code."

12. Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the defendant" any property

   (A)   cannot be located upon the exercise of due diligence;
   (B)   has been transferred or sold to, or deposited with, a third party;
   (C)   has been placed beyond the jurisdiction of the court;
   (D)   has been substantially diminished in value; or
   (E)   has been commingled with other property which cannot be divided without difficulty

the "court shall order the forfeiture of any other property of the defendant, up to the value of any property" so transferred or moved by the defendant.

13.     Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that -

> On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that: . . .
>
> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

14.     Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is unable to locate or obtain otherwise forfeitable property. *See United States* v. *Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties.   Persons alleging an interest in the forfeited property then have 30 days, from the date of last publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third-party claims are resolved by the Court.

5

## V. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated: New York, New York
September 18, 2023

                    DAMIAN WILLIAMS
                    United States Attorney for the
                    Southern District of New York

By: _____
      Sarah Mortazavi
      Assistant United States Attorney
      Southern District of New York
      Tel.: (212) 637-2520