UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
UNITED STATES OF AMERICA
:
        - v. -                             **PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**
:
SETH FISHMAN,
:   S6 20 Cr. 160 (MKV)
                 Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      WHEREAS, on or about November 5, 2020, SETH FISHMAN (the "Defendant"), among others, was charged in two counts of a five-count Superseding Indictment, S6 20 Cr. 160 (MKV) (the "Indictment"), with conspiracy to misbrand and adulterate drugs in interstate commerce with intent to defraud or mislead, in violation of Title 18, United States Code, Section 371, and Title 21, United States Code, Sections 331 and 333 (Counts One and Two);

      WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334, and Title 28, United States Code, Section 2461, of any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (the "Forfeitable Property"), including but not limited to a sum of money in United States currency representing the value of such property;

      WHEREAS, on or about February 2, 2022, the Defendant was found guilty, following a jury trial, of Counts One and Two of the Indictment;

      WHEREAS, On or about July 10, 2023, the Court entered an Order of Forfeiture/Money Judgment (D.E. 1109), imposing a money judgment against the Defendant in the amount of $10,312,627.40 in United States Currency (the "Money Judgment").

WHEREAS, to date, the entirety of the Money Judgment entered against the Defendant remains unpaid;

WHEREAS, as a result of acts and/or omissions of the Defendant, the United States has not been able to locate, obtain or collect the Forfeitable Property, despite the exercise of due diligence in investigating the Defendant;

WHEREAS, the Government has identified the following specific assets of the Defendant:

a. Any and all funds on deposit in Citibank, N.A. account 9144769909, held in the name of Seth Fishman;

b. Any and all funds on deposit in Citibank, N.A. account 9139136538, held in the name of Seth Fishman;

c. Any and all funds on deposit in Citibank, N.A. account 9139136525, held in the name of Seth Fishman;

d. Any and all funds on deposit in Citibank, N.A. account 9139800880, held in the name of Seth Fishman;

e. Any and all funds on deposit in CreditCorp Bank, S.A. account 4010102652, held in the name of Equine Performance Inc. and beneficially owned by Seth Fishman;

f. Any and all funds on deposit in CreditCorp Bank, S.A. account 4010102668, held in the name of Equine Performance Inc. and beneficially owned by Seth Fishman;

g. Any and all funds on deposit in Paypal account 2009696405473359310, held in the name of Seth Fishman;

h. The real property located at street address 2565 South Ocean Blvd Apartment 412 N, Highland Beach, Florida 33487 with a legal description of Unit No. 412-N, in the Townhouses of Highland Beach Condominium, a condominium, according to the Declaration of Condominium thereof, as recorded in Official Recorded Book 3466, at Page 791, of the Public Records of Palm Beach County, Florida;

    i. The real property located at street address 2575 South Ocean Blvd Unit 303 South, Highland Beach, Florida 33487 with a legal description of Unit No. 303-S, in the Townhouses of Highland Beach Condominium, a condominium, according to the Declaration of Condominium thereof, as recorded in Official Recorded Book 3466, at Page 791, of the Public Records of Palm Beach County, Florida and any amendments therein together with its undivided share in the common elements.

    j. $70,049.59 in United States currency on deposit in Wells Fargo account number ending in -9455, held in the name of Green & Willstatter Attorney Trust;

(a. through j., collectively, the "Substitute Assets"); and

  WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

  NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

  1. All of the Defendant's right, title and interest in the Substitute Assets are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

  2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep it in its secure, custody and control.

  3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

  4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet

forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
_____, 2023

SO ORDERED:

_____
HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE